J-S08034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DONALD RICHARD MESSINA, | : | |
| | : | |
| Appellant | : | No. 1096 WDA 2015 |

Appeal from the Order June 22, 2015
in the Court of Common Pleas of Clarion County,
Criminal Division, No(s): CP-16-CR-0000528-2004

BEFORE:  STABILE, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 29, 2016**

Donald Richard Messina ("Messina") appeals, *pro se*, from the Order dismissing his "Petition for County *Habeas Corpus*."[1]  We affirm.

In 2004, Messina, age 49, was arrested and charged with having sexual intercourse with, and impregnating, a fourteen-year-old girl.  In April 2005, following a jury trial, Messina was convicted of four counts of statutory sexual assault and one count of corruption of a minor.  On June 15, 2005, the trial court sentenced Messina to an aggregate prison term of

---

[1] Any petition filed after the judgment of sentence has become final will be treated as a petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), codified at 42 Pa.C.S.A. §§ 9541-9546.  ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2010).  The PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies, including *habeas corpus*.  ***Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013); 42 Pa.C.S.A. § 9542.  Thus, the claims raised in Messina's "Petition for County *Habeas Corpus*" fall within the scope of the PCRA and, hence, his Petition is treated as a Petition for relief under the PCRA.  ***See*** 42 Pa.C.S.A. § 9543(a)(2).

77 months to 144 months, followed by five years of probation.[2]  Messina's judgment of sentence was affirmed on August 28, 2006.  ***See Commonwealth v. Messina***, 909 A.2d 884 (Pa. Super. 2006) (unpublished memorandum).  Messina did not seek review by the Pennsylvania Supreme Court.

On June 15, 2015, Messina filed the instant Petition, his fifth Petition for relief under the PCRA.  The PCRA court dismissed the Petition on June 22, 2015.  Messina filed a timely Notice of Appeal on July 2, 2015.

On appeal, Messina raises the following issues for our review:

1. Was the trial [j]udge bias [*sic*] all through the trial?

2. Did the prosecutor commit prosecutorial misconduct in telling the jury that [Messina] was guilty?

Brief for Appellant at 5 (unnumbered).[3]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

---

[2] Our review of the docket reveals that, since his trial, Messina has filed *pro se*, *inter alia*, more than 70 motions and petitions, several complaints, and numerous appeals to this Court.  Many of Messina's *pro se* filings were made while he was still represented by counsel.

[3] We note that Messina's brief does not conform to the Pennsylvania Rules of Appellate Procedure that govern the form and content of an appellate brief. ***See*** Pa.R.A.P. 2101, 2111-2133.

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Messina's judgment of sentence became final on September 27, 2006, when the period of time to file an appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005). Messina had until September 27, 2007, to file the instant PCRA Petition, but did not do so until June 15, 2015. Thus, Messina's instant Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Messina has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *Albrecht*, 994 A.2d at 1094. Thus, Messina has failed to overcome the untimeliness of his Petition. Accordingly, we discern no error by the PCRA court in dismissing Messina's fifth PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/29/2016