CERCONE, Judge:
This is an appeal from the judgment of sentence for indecent assault and criminal trespass. We quash the appeal.
Appellant assaulted a speech and hearing-impaired woman in her home throughout the night of August 20, 1992. Appellant pled guilty, on December 9, 1993, to indecent assault and criminal trespass. Other charges against him, including rape, burglary, theft, receiving stolen property, and false imprisonment, were withdrawn. The lower court sentenced appellant on April 29, 1994. On May 27, 1994, appellant filed a petition for reconsideration. The lower court did not render a decision on this motion. On June 16, 1994, appellant filed a notice of appeal in the lower court. In his brief on appeal, appellant raises one issue for this court’s consideration:
Whether the court below abused its discretion in departing from the sentencing guidelines, in that it improperly considered the defendant’s prior conviction record and withdrawn felony charges as reasons for departing from the guidelines, in that it did not make a contemporaneous statement of the permissible range of sentences under the guidelines and appears not to have used the correct range, and in that it did not articulate a justifiable reason for departing from the sentencing guidelines with respect to criminal trespass.
Before considering the issue appellant has raised, we will first address the timeliness of the appeal.
For determinations of guilt which occur prior to January 1, 1994, an appeal must be filed within thirty days of the order from which appeal is taken. Pa.R.A.P., Rule 903(a), 42 Pa.C.S.A. In a criminal case, appeal is taken from the judgment of sentence. Commonwealth v. Kittelberger, 420 Pa.Super. 104, 616 A.2d 1 (1992). For determinations of guilt occurring after' January 1, 1994, any post-sentence motion shall be filed no later than ten days after imposition of sentence. Pa.R.Crim.P., Rule 1410A(1), 42 Pa.C.S.A. If the defendant files a timely post-sentence motion, the notice of appeal is to be filed within thirty days of the lower court’s entry of an order deciding that motion: Id., Rule 1410A(2). If the judge fails to decide a timely filed post-sentence motion, then the appeal should be filed “within 30 days of the entry of the order denying the motion by operation of law.” Id. If the defendant does *477 not file a post-sentence motion, the notice of appeal is to be filed within thirty days of the imposition of sentence. Id., Rule 1410A(3).
Appellant pled guilty to the charges on December 9, 1993. Although sentencing took place after January 1, 1994, appellant’s plea of guilty would constitute the determination of guilt. Since this occurred prior to January 1, 1994, appellant was required to file his appeal within thirty days of the judgment of sentence. Judgment of sentence was rendered on April 29, 1994 and was entered on the docket on May 6, 1994. Appellant did not file his notice of appeal until June 16, 1994, more than thirty days after the judgment of sentence. Therefore, the appeal is untimely.
Appeal quashed.