Justices SAYLOR and EAKIN join.

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Eugenio ROJAS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 28, 2005.

Filed May 2, 2005.

MaryAnn F. Swift, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: STEVENS, BENDER, and POPOVICH, JJ.

STEVENS, J.

¶ 1 Appellant Eugenio Rojas appeals a judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction for possession of a controlled substance[1] and possession of a controlled substance with intent to deliver.[2]

¶ 2 Before reaching the merits of Appellant's claims, we first note that Attorney Maryann Swift, his court-appointed counsel, has petitioned to withdraw and has submitted an *Anders*[3] brief in support thereof. Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Commonwealth v. Miller,* 715 A.2d 1203 (Pa.Super.1998) (citation omitted). "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Smith,* 700 A.2d 1301, 1303 (Pa.Super.1997).

¶ 3 Here, Appellant's counsel has requested our permission to withdraw, thereby meeting the first requirement of *Anders* and its progeny. Additionally, she has filed a brief referring to anything that might arguably support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief, meeting the second requirement. Finally, counsel has indicated that she provided Appellant with a copy of the brief and advised Appellant of his right to file a *pro se* brief or retain other counsel, meeting the third requirement. As such, we will make an independent evaluation of the record in order to determine the accuracy of counsel's averment that this appeal is wholly frivolous.

1. 35 P.S. § 780–113(a)(16).

2. 35 P.S. § 780–113(a)(30).

3. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

¶ 4 Prior to a review of the merits of this appeal, we address one additional procedural question raised by the Commonwealth. Must the appeal be quashed as untimely? During his bench trial, Appellant was represented by an attorney from the Defender Association of Philadelphia. On July 18, 2001, Appellant was found guilty of one count of possession of a controlled substance, and one count of possession of a controlled substance with the intent to deliver. Still represented by a public defender, Appellant was subsequently sentenced to twenty-four to forty-eight months' imprisonment on September 10, 2001. Three days later, on September 13, 2001 a *pro se* motion from Appellant entitled "Petition for Extraordinary Relief and/or Motion for Acquittal" was time stamped and docketed in the certified record.[4]

4. Appellant's *pro se* "Petition for Extraordinary Relief and/or Motion for Acquittal" indicates that it was made pursuant Pa.R.Crim.P. 704(B)(1)-(3), which pertains to oral motions for extraordinary relief. That Rule states:

(1) Under extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an *oral* motion in arrest of judgment, for a judgment of acquittal, or for a new trial.

(2) The judge shall decide a motion for extraordinary relief before imposing sentence, and shall not delay the sentencing proceeding in order to decide it.

(3) A motion for extraordinary relief shall have no effect on the preservation or waiver of issues for post-sentence consideration or appeal.

Pa.R.Crim.P. 714(B)(1)-(3). As we noted in *Commonwealth v. Celestin*, 825 A.2d 670, 674 (Pa.Super.2003), the Comment to Rule 704 provides guidance on when a motion for extraordinary relief is appropriate:

Under paragraph (B), when there has been an error in the proceedings that would clearly result in the judge's granting relief post-sentence, the judge should grant a motion for extraordinary relief before sentencing occurs. Although trial errors may be serious and the issues addressing those errors meritorious, this rule is intended to allow the trial judge the opportunity to address only those errors so manifest that immediate relief is essential. It would be appropriate for counsel to move for extraordinary relief, for example, when there has been a change in case law, or, in a multiple count case, when the judge would probably grant a motion in arrest of judgment on some of the counts post-sentence. Although these examples are not all-inclusive, they illustrate the basic purpose of the rule: when there has been an egregious error in the proceedings, the interests of justice are best served by deciding that issue before sentence is imposed. Because the relief provided by this section is extraordinary, boilerplate motions for extraordinary relief should be summarily denied.

. . .

Paragraph (B)(3) is intended to make it clear that a motion for extraordinary relief is neither necessary nor sufficient to preserve an issue for appeal. The failure to make a motion for extraordinary relief, or the failure to raise a particular issue in such a motion, does not constitute a waiver of any issue. Conversely, *the making of a motion for extraordinary relief does not, of itself, preserve any issue raised in the motion, nor does the judge's denial of the motion preserve any issue.*

[Pa.R.Crim.P. 704(B) ]. Comment (emphasis added).

The plain terms of Rule 704(B) do not permit the filing of a *written* motion for extraordinary relief prior to sentencing. Moreover, Rule 704(B)(1) clearly contemplates that any oral motion for extraordinary relief be made only in exceptional circumstances. As we admonished in a procedurally similar case, "this Rule was not intended to provide a substitute vehicle for a convicted defendant to raise matters which could otherwise be raised via post sentence motions." *Commonwealth v. Fisher*, 2000 PA Super 379, 764 A.2d 82, 85 (Pa.Super.2000), *appeal denied*, 566 Pa. 658, 782 A.2d 542 (2001).

*Celestin*, 825 A.2d at 675. Our review of Appellant's sentencing hearing transcript contains nothing to suggest this motion was made orally before sentencing. Thus it is clear that while the **written** motion filed by Appellant **following** imposition of his sentence purported to be a motion for extraordinary relief, it was, in fact, properly considered by the lower

¶ 5 Apparently unaware that Appellant had filed a post-sentence motion on his own behalf, the Defender Association filed a direct appeal to this Court on Appellant's behalf five days later, on September 18, 2001. With Appellant's consent, however, the Defender Association praeciped for discontinuance of the appeal on November 7, 2001, "on the basis of their communication with [Appellant] that there was 'no arguable legal issue.'" Trial Court Opinion filed 7/6/04 at 2; 3/11/02 letter from Defender Association. The appeal was thereafter discontinued by order filed November 14, 2001. Superior Court Order dated 11/8/01, filed 11/14/01.

¶ 6 Thereafter, on January 14, 2002, an order was filed by the lower court indicating that Appellant's *pro se* post-sentence motions were denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3). This prompted Appellant to file a second direct appeal to this Court on February 7, 2002, asserting that his judgment of sentence became final upon the denial of his post-sentence motions on January 14, 2002.[5] As was his earlier post-sentence motion, this appeal was taken *pro se.* When the Defender Association was again appointed to represent Appellant, it sent him a letter on March 11, 2002, indicating, among other things, that it was not aware that post-sentence motions had ever been filed.

¶ 7 On May 29, 2002, Appellant was ordered to file a Pa.R.A.P.1925(b) statement of matters complained of on appeal by June 12, 2002, but the deadline was extended until July 3, 2002 after this Court directed the lower court to appoint new counsel to represent Appellant. Attorney Michael Marryshow was appointed, and

although Appellant's Rule 1925(b) statement was not filed by Attorney Marryshow until August 2, 2002, the lower court filed a Rule 1925(a) opinion in response to the issues it raised on August 23, 2002. When Appellant failed to file an appellate brief, however, his direct appeal was dismissed on November 15, 2002, without prejudice to his filing for post conviction collateral relief.

¶ 8 Appellant did so on June 3, 2003, Attorney John Belli was appointed to represent him, and Appellant's direct appeal rights were reinstated *nunc pro tunc* on February 10, 2004. On February 18, 2004, Appellant filed a *pro se* direct appeal, and Attorney Maryann Swift was appointed to represent him. Attorney Swift filed a court-ordered Rule 1925(b) statement on Appellant's behalf, then filed the *Anders* brief dealt with above.

¶ 9 The Commonwealth now asserts that we should quash Appellant's appeal because it is untimely. The Commonwealth directs us to Appellant's original September 18, 2001 appeal, which, it asserts, divested the lower court of jurisdiction over the post-sentence motions previously filed by Appellant on September 13, 2001. Commonwealth brief at 4. As a result, the Commonwealth argues, the lower court's January 14, 2002 order dismissing Appellant's post-sentence motion was a nullity, because it was entered into without jurisdiction. *Id.* at 5. "As such, [Appellant's] second appeal on February 7, 2002, was untimely and this Court was without jurisdiction to entertain it. Accordingly, [Appellant's] judgment of sentence became final on December 14, 2001, 30 days after he withdrew his timely first appeal." *Id.* Ap-

court to be a post-sentence motion under Pa. R.Crim.P. 720(A).

5. *Despite the existence of his direct appeal,* Appellant mailed a *pro se* Post Conviction Relief Act (PCRA) Petition to the lower court

on April 19, 2002. Because the appeal was pending before this Court, however, Appellant's PCRA petition was dismissed on June 27, 2002.

pellant's June 3, 2003 PCRA petition, the Commonwealth asserts, was untimely because it was filed more than two and a half years after Appellant's judgment of sentence became final. *Id.* Therefore, the PCRA court had no jurisdiction to grant Appellant the right to appeal *nunc pro tunc,* and its order purporting to do so is a nullity. *Id.*

¶ 10 The Commonwealth is incorrect in its assertion that Appellant's September 18, 2001 appeal divested the lower court of jurisdiction to hear Appellant's previously filed post-sentence motion. *Commonwealth v. Borrero,* 692 A.2d 158 (Pa.Super.1997). In a situation similar to that which we currently face, the *Borrero* court was confronted with an appellant who prematurely filed a direct appeal before his timely post-sentence motions were disposed of by the trial court or denied by operation of law. The Court noted that "[a]s a preliminary matter, we must first ascertain whether the judgment of sentence is properly appealable, because the question of appealability implicates the jurisdiction of this court." *Borrero,* 692 A.2d at 159.[6]

The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. *Commonwealth*

*v. Alvarado,* 437 Pa.Super. 518, 520, 650 A.2d 475, 476 (1994). Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is final and appealable depends upon whether a defendant files the now optional post-sentencing motions.

When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence. Pa.R.Crim.P., Rule 1410A(3),[7] 42 Pa.C.S.A. and comments thereto; *Commonwealth v. Alvarado,* 437 Pa.Super. at 520, 650 A.2d at 476–477. **If post-sentencing motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law.** *Id.,* at Rule 1410A(2) and comments thereto; *Commonwealth v. Chamberlain,* 442 Pa.Super. 12, 16, 658 A.2d 395, 397, appeal quashed, 543 Pa. 6, 669 A.2d 877 (1995). **Moreover, the comments to Rule 1410 explicitly provide that "no direct appeal may be taken by a defendant while his or her post-sentence motion is pending."** Comments to Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. Application of these authorities convinces us that at the time appellant filed his notice of appeal, the judgment of sentence had not been made final via either the disposition of appellant's post-sentencing motions by the trial court or the entry of an order denying the motions by operation of law.

---

**6.** The Court also noted that it could raise the issue *sua sponte* because "[a]ppellate jurisdiction cannot be conferred by mere agreement or silence of the parties where it is otherwise nonexistent." *Borrero,* 692 A.2d at 159.

**7.** Rule 1410 was renumbered Rule 720, effective March 1, 2000.

*Borrero,* 692 A.2d at 159–160 (emphasis added). The *Borrero* court further explained:

> While the reasons underlying the trial court's failure to act on appellant's post-sentencing motions do not appear of record, the trial judge may have been reluctant to proceed based on a mistaken assumption that jurisdiction over this matter was divested by appellant's appeal. However, the appeal did not divest the trial court of jurisdiction in this instance. As previously indicated, the comment to Rule 1410 explicitly prohibits the filing of an appeal while post-sentencing motions are pending. Comment to Pa.R.Crim.P., Rule 1410, 42 Pa. C.S.A., *supra.* The comment further provides that a judgment of sentence does not become final until post-sentencing motions are ruled upon by the trial court or are denied by operation of law. *Id.* Moreover, a trial court may proceed further in any matter in which a nonappealable order has been entered, notwithstanding the filing of a notice of appeal. Pa.R.A.P., Rule 1701(b)(6), 42 Pa.C.S.A. Consequently, appellant's improper appeal did not divest the trial court of jurisdiction to decide appellant's post-sentencing motion or deny it by operation of law.

*Borrero,* 692 A.2d at 161 n. 4. Having determined that the appeal before it was from an interlocutory judgment of sentence, the Court was compelled to quash it "because we are precluded from exercising jurisdiction over appeals from nonfinal order or judgments." *Id.* at 160.

¶ 11 While the certified record in the case at hand does not specifically indicate why Appellant's September 18, 2001 appeal was not quashed pursuant to Pa. R.Crim.P. 720, it seems that this Court simply had no time to make such a determination before Appellant praeciped to withdraw the appeal on November 7, 2001.[8] Regardless of the exact reason for its demise, we find that Appellant's September 18, 2001 direct appeal was improperly filed from a non-final order, and did not divest the lower court of jurisdiction to decide his September 13, 2001 post-sentence motion or deny it by operation of law. *Borrero, supra.*

¶ 12 Thus, when Appellant's post-sentence motion was denied by operation of law on January 14, 2002, he had thirty days in which to file a timely appeal. Pa.R.Crim.P. 720(A)(2)(b). Appellant did so on February 7, 2002, but when he failed to file an appellate brief, his direct appeal was dismissed on November 15, 2002, without prejudice to his filing for post conviction collateral relief. Appellant did not seek review of this order with the Pennsylvania Supreme Court.[9] As such, Appellant's judgment of sentence became final for PCRA purposes on Monday, December 16, 2002, when the thirty-day appeal period expired for seeking review with our Supreme Court.[10] *Common-*

---

8. In fact, it appears we did not receive the original record until November 13, 2001, **after** Appellant sought to withdraw the appeal.

9. Pursuant to Pa.R.A.P. 1113, an appellant has 30 days to seek review with the Pennsylvania Supreme Court.

10. Appellant's thirty day appeal period expired on Monday, December 16, 2002, not Saturday, December 15, 2002. "When any period of time is referred to in any statute, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States,

*wealth v. Wilson,* 824 A.2d 331 (Pa.Super.2003); 42 Pa.C.S.A. § 9545(b)(3).[11] Therefore, pursuant to Section 9545(b)(1) of the PCRA, Appellant was required to file his PCRA petition within one year of December 16, 2002, in order for his petition to meet the jurisdictional timeliness requirements of the PCRA. He did so on June 3, 2003.

¶ 13 Having concluded that Appellant's PCRA petition was timely filed, we address the claims he raises as the result of his direct appeal rights being reinstated *nunc pro tunc* on February 10, 2004. Appellant argues that the evidence presented at his trial was insufficient to support his conviction. In its July 6, 2004 Rule 1925(a) opinion, the lower court comprehensively set forth the facts surrounding Appellant's arrest, and thoroughly addressed Appellant's insufficiency claim. We affirm Appellant's judgment of sentence based on the July 6, 2004 opinion. Moreover, we find the instant appeal is frivolous for purposes of *Anders,* and we grant appellate counsel's petition to withdraw.[12]

¶ 14 Judgment of sentence affirmed. Petition to withdraw granted.

---

such day shall be omitted from the computation." 1 Pa.C.S. § 1908.

11. In *Wilson,* the appellant's direct appeal from his judgment of sentence was dismissed because his appellate counsel failed to file a brief, and the appellant did not file a petition for allowance of appeal with our Supreme Court. *Wilson,* 824 A.2d at 332–333. In concluding that the appellant's subsequent PCRA petition was untimely, a panel of this Court explained that the appellant's judgment of sentence became final when the thirty-day

appeal period expired for seeking review with our Supreme Court. *Id.* at 335 (*citing* 42 Pa.C.S.A. § 9545(b)(3) (a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and our Pennsylvania Supreme Court, or at the expiration of time for seeking such review); Pa.R.A.P. 1113(a)).

12. We note that Appellant here has had the benefit of numerous court-appointed attorneys.