J-S47038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY LEE HADLOCK | |
| Appellant | No. 2082 MDA 2015 |

Appeal from the Judgment of Sentence November 19, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-SA-0000070-2015

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                     **FILED AUGUST 09, 2016**

Troy Lee Hadlock appeals from the judgment of sentence entered in the Court of Common Pleas of Adams County following his conviction of driving while suspended[1] and failure to have proper rear lighting[2] of the Pennsylvania Vehicle Code.[3]  Hadlock's counsel also seeks to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition to withdraw and affirm Hadlock's judgment of sentence.

---

[1] 75 Pa.C.S. § 1543(a).

[2] 75 Pa.C.S. § 4303(b).

[3] 75 Pa.C.S. §§ 101-9910.

The trial court stated the facts as follows:

In the early morning hours of August 6, 2015, Officer Rosenberger, of the Cumberland Township Police Department, was on patrol in full uniform and driving a marked police vehicle. At approximately 1:23 a.m. Officer Rosenberger was traveling westbound on Boyd School Road near the Table Rock Road intersection. Officer Rosenberger observed a black in color Mazda four-door coupe traveling eastbound on Boyd School Road. As the black Mazda passed, Officer Rosenberger observed in his rear facing mirrors that the vehicle had no taillights and no license plate lights illuminated. Officer Rosenberger then turned around and began to follow the vehicle, [and] in doing so he observed that no lights were illuminated on the rear of the black Mazda that was directly in front of him. Officer Rosenberger did observe that whenever the operator went to stop[,] his brake lights illuminated. After continuing to follow the vehicle, Officer Rosenberger effectuated a motor vehicle stop for the failure to have the back lights illuminated.

Immediately prior to the traffic stop[,] Officer Eiker, also of the Cumberland Township Police Department, was patrolling in a marked police car at the four-way stop intersection at Table Rock Road and Boyd School Road. . . . Officer Eiker observed that the taillights and license plate light of the vehicle were not illuminated. Officer Eiker observed Officer Rosenberger directly behind the vehicle and pulled in behind Officer Rosenberger and assisted him on the vehicle stop. At the time of the initial traffic stop Officer Eiker observed that the rear taillights and license plate light were still not illuminated. [Officers Eiker and Rosenberger] stated that later in the traffic stop, while waiting for a tow truck, the rear taillights and license plate light eventually came on.

Upon approaching the black Mazda, Officer Rosenberger identified [Hadlock] as the operator of that motor vehicle. As part of the traffic stop, Officer Rosenberger ascertained the status of [Hadlock's] driving privileges. According to PennDot's records[,] [Hadlock's] license was suspended in Pennsylvania. Officer Rosenberger issued [Hadlock] two summary citations (1) Driving While Suspended in violation of Section 1543(a) of the Pennsylvania Motor Vehicle Code; and (2) Required Lighted Lamps in violation of Section 4303(b) of the Pennsylvania Motor Vehicle Code.

Trial Court Opinion, 1/28/16, 1-2.

Magisterial District Judge Mark Beauchat found Hadlock guilty of the above offenses on October 2, 2015. On October 6, 2015, Hadlock appealed his conviction for driving while suspended. On November 19, 2015, after a *de novo* summary appeal hearing, Hadlock was found guilty of driving while suspended. This was Hadlock's seventh conviction for driving while suspended, and he was sentenced to 45 days' partial confinement at the Adams County Adult Correctional Complex.

Hadlock filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Specifically, Hadlock raises the following issues:

> [1.] Whether counsel was ineffective for failing to adequately question the Police Officers during the Summary Appeal hearing?
>
> [2.] Whether the Commonwealth presented sufficient evidence to support probable cause for the stop?

Brief for Appellant, at 6.

Counsel has filed a petition to withdraw pursuant to the standard set forth in **Anders** and the requirements established by **Santiago**. Our Supreme Court in **Santiago** held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

After counsel has satisfied the above procedures and furnished the defendant with a copy of counsel's brief, the court performs an independent examination to determine if the proceedings are wholly without merit. *Anders*, 386 U.S. at 744. However, the Court must first consider the *Anders* brief and petition to withdraw before reviewing the merits of the underlying issues. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).

Counsel's petition to withdraw satisfies all the necessary requirements and procedures. He states that he has thoroughly examined the record and concluded the appeal was frivolous. He has further "provided a summary of the procedural history and facts, with citations to the record." *Santiago*, 978 A.2d at 361. Counsel has also filed a brief in which he re-states the conclusion that both claims are frivolous and without merit and do not support an appeal. Lastly, he has notified Hadlock of the request to withdraw and provided Hadlock with a copy of the brief and a letter explaining Hadlock's right to retain new counsel or proceed *pro se* as to any issues he believes might have merit. Accordingly, we find that the requirements of *Anders* and *Santiago* have been satisfied.

Once counsel has satisfied the procedural requirements for withdrawal, this Court performs an independent examination to determine if the appeal is, in fact, wholly frivolous. *Anders*, 386 U.S. at 744; *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Hadlock's first claim asserts ineffectiveness of trial counsel. As a general rule, ineffective assistance of counsel claims must be raised during collateral review. *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002). The instant appeal is a direct appeal of Hadlock's judgment of sentence, rather than a petition seeking collateral review. Moreover, this appeal does not involve an exception to the general rule such as an alleged breach of loyalty or complete denial of counsel. *See id.* at 738, n.14 (listing exceptions to the general rule). Therefore, Hadlock's claim of ineffective assistance of counsel is not properly before us, and we cannot consider this issue in the instant appeal.

Hadlock next contends that the Commonwealth did not present sufficient evidence to support probable cause for his traffic stop.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

"The legislature has vested police officers with the authority to stop vehicles whenever they have 'articulable and reasonable grounds to suspect a violation' of the Vehicle Code." *Commonwealth v. Gleason*, 785 A.2d 983, 989 (Pa. 2001) (quoting 75 Pa.C.S. § 6308(b)). Therefore, police

officers must be able to articulate the specific facts that created the probable cause to believe that there was a violation of the Vehicle Code. **Gleason**, 785 A.2d at 989. The Vehicle Code provides that every vehicle must be equipped with, *inter alia*, rear lamps and a license plate light. 75 Pa.C.S. § 4303(b). Thus, failing to have a working taillight and license plate light are violations of the Vehicle Code.

Hadlock testified as the only defense witness. He claimed that his taillights and license plate lights were both operational after leaving his home that morning and when he went through the intersection of Table Rock Road and Boyd School Road. Hadlock further testified that he took a picture of his rear lights about ten minutes after the stop and the lights were operating. However, at the time of the stop, the lights were not working.[4]

Instantly, Officer Rosenberger testified that he observed in his rear view mirror a four-door black Mazda driving without operating taillights and license plate light as he drove in the opposite direction. At the outset, this is a violation of the Vehicle Code. Officer Rosenberger proceeded to turn around and follow the Mazda, verifying the taillights and license plate lights were out. Furthermore, Officer Eiker testified that from his stationary post at the intersection of Table Rock Road and Boyd School Road he could see that no right taillight was illuminated. In totality, sufficient evidence existed

---

[4] Both Officers testified that the rear lights had come back on while waiting for a tow truck.

to support the Officers' belief that the Vehicle Code was being violated; therefore, probable cause existed to justify stopping Hadlock.[5] **Gleason**, **supra**.

Counsel has satisfied all the requirements for withdrawal. Furthermore, after this Court's own review of the record and the transcript of the summary appeal hearing, we find Hadlock's claims to be meritless and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016

---

[5] Hadlock makes no argument that the Officers conducted the stop inappropriately after it was initiated.