J-S64039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA J. STOKES | |
| Appellant | No. 33 EDA 2016 |

Appeal from the Judgment of Sentence December 11, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000720-2011

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:            **FILED SEPTEMBER 07, 2016**

Appellant appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction by a jury on the crimes of first-degree murder and possession of an instrument of crime.[1] After a careful review, we quash this appeal and remand for further proceedings.

Appellant, who was represented by court-appointed counsel, proceeded to a jury trial on various charges, including homicide, in connection with the stabbing death of the victim. On December 11, 2015, the jury convicted Appellant of the offenses indicated *supra*, and on that same day, the trial court sentenced Appellant to life in prison.

_____

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

*Former Justice specially assigned to the Superior Court.

On or about December 17, 2015, Appellant filed a timely *pro se* post-sentence motion,[2] *see* Pa.R.Crim.P. 720(A)(1) (indicating a post-sentence motion must be filed within ten days of the judgment of sentence), and on December 28, 2015, newly court-appointed counsel filed a notice of appeal.[3]

As a general rule, this Court has jurisdiction only over final orders. *Commonwealth v. Rojas*, 874 A.2d 638 (Pa.Super. 2005). In criminal cases, a direct appeal lies from the judgment of sentence. *Commonwealth v. Patterson*, 940 A.2d 493, 497 (Pa.Super. 2007). Generally, where a defendant timely files a post-sentence motion, the court shall decide the motion within 120 days of the filing; otherwise, the motion shall be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a). When an appellant files a notice of appeal before the court has ruled on his post-sentence motion, the judgment of sentence has not become "final," and any purported appeal will be interlocutory and unreviewable. *Commonwealth*

---

[2] There is no indication that Appellant served his *pro se* post-sentence motion upon his court-appointed attorney. Moreover, there is no indication that the clerk of courts complied with Pa.R.Crim.P. 576(A)(4), which requires a copy of a *pro se* filing, made by a counseled defendant, to be forwarded to the counsel of record.

[3] On or about December 28, 2015, Appellant filed a separate *pro se* document, which purported to be a notice of appeal; however, the clerk of courts did not identify the filing as a *pro se* notice of appeal. Rather, the clerk of courts listed Appellant's *pro se* appeal on the certified docket sheet as a "Receipt of Filing from Represented Defendant Not signed by Attorney[.]" In any event, to the extent Appellant's *pro se* document constitutes a *pro se* notice of appeal, for the reasons discussed *infra*, it is premature.

***v. Borrero***, 692 A.2d 158, 160 (Pa.Super. 1997). In those circumstances, the proper remedy is to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motion *nunc pro tunc*.[4] ***Id.*** at 161.

Instantly, Appellant's notice of appeal was filed well before the expiration of the 120-day period and while Appellant's timely post-sentence motion was still pending. Further, the trial court has not issued an order disposing of the post-sentence motion nor has the clerk of courts entered an order denying the post-sentence motion by operation of law. Thus, absent an order disposing of the post-sentence motion, or any indication the post-sentence motion has been withdrawn, we conclude the instant notice of appeal is premature. ***Id.*** (explaining that the judgment of sentence does not become final until the entry of an order disposing of timely post-sentence motions, even if the 120–day period for deciding post-sentence motions has expired). Accordingly, we quash this appeal and remand for the trial court to forward the *pro se* post-sentence motion to counsel, allow counsel the opportunity to amend the post-sentence motion, and rule on the post-sentence motion.

---

[4] In such circumstances, the post-sentence motion is deemed filed *nunc pro tunc* on the date on which the certified record is remanded to the trial court, and thus, the 120-day period for disposing of the post-sentence motion begins to run anew as of that date.

Appeal Quashed; Case remanded for further proceedings; Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016