J-S71038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MAURICE TAYLOR | |
| Appellant | No. 2521 EDA 2015 |

Appeal from the Judgment of Sentence March 16, 2012
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):CP-51-CR-0004838-2011
CP-51-CR-0004855-2011

BEFORE: BOWES, PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　**FILED FEBRUARY 23, 2017**

Appellant, Maurice Taylor, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas at docket number 4855-2011,[1] following his bench trial conviction for aggravated assault (a first-degree felony),[2] persons not to possess firearms,[3] firearms not to be carried without a license,[4] unlawful restraint,[5]

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was convicted at three different dockets, each stemming from a separate altercation between Appellant and the victim, Alisa Gardner. At docket number 4838-2011, the trial court convicted Appellant of aggravated assault (a second-degree felony), possessing an instrument of crime, simple assault, and recklessly endangering another person. At docket number 4859-2011, the court convicted Appellant of theft and harassment.

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 6105(a)(1).

carrying firearms in public in Philadelphia,[6] possessing an instrument of crime,[7] simple assault,[8] recklessly endangering another person,[9] false imprisonment,[10] and possession of a weapon.[11]  Appellant challenges the sufficiency of the evidence for aggravated assault.  We affirm.

The trial court's opinion summarizes the relevant facts of this case as follows:

> On April 8, 2011, at approximately 12:20 p.m., Police Officer David O'Connor responded to a call for a person with a gun at 848 East Chelten Avenue.  The officer met with [the victim] a few houses away from that address. She had bruising to her face, and she was teary eyed.  Her hair looked like it had been pulled, the bottom left corner of her lip was cut open, and her clothing was in disarray. A few moments later, Appellant was spotted walking down Locust Street and was identified by [the victim] as her assailant.  After a struggle with police, Appellant was arrested, and police confiscated a firearm from his belongings.
>
> According to [the victim], Appellant held her against her will inside the residence, held a firearm to her head, and

---

[4] 18 Pa.C.S. § 6106(a)(1).

[5] 18 Pa.C.S. § 2902(a)(1).

[6] 18 Pa.C.S. § 6108.

[7] 18 Pa.C.S. § 907(a).

[8] 18 Pa.C.S. § 2701(a)(1).

[9] 18 Pa.C.S. § 2705.

[10] 18 Pa.C.S. § 2903(a).

[11] 18 Pa.C.S. § 907(b).

> threatened to kill her. He also slapped her, kicked her and stomped on her. During this incident, Gardner sustained two broken ribs, bruising to her face and a laceration to her liver.

Trial Ct. Op., 3/4/16, at 3 (record citations omitted).

On January 30, 2012, the court convicted Appellant of the above offenses at docket number 4855-2011. The court sentenced Appellant at this docket on March 16, 2012, to an aggregate sentence of six to fourteen years' imprisonment.[12] Appellant did not file post-sentence motions.

On September 24, 2012, Appellant timely filed a *pro se* Post Conviction Relief Act ("PCRA") petition, which alleged, *inter alia*, that trial counsel was ineffective for failing to file a direct appeal. PCRA counsel entered his appearance and filed an amended petition and memorandum requesting that Appellant's direct appeal rights be reinstated *nunc pro tunc*. Thereafter, Appellant filed a *pro se* motion for the removal of PCRA counsel based on ineffectiveness.[13] Appellant filed a notice of appeal *nunc pro tunc* on August 18, 2015. On October 8, 2015, the court subsequently granted Appellant's

---

[12] The court also sentenced Appellant to a concurrent two-and-one-half to five years' imprisonment at docket number 4838-2011, and a consecutive five years' probation at docket number 4859-2011.

[13] A review of the record reveals the court did not dispose of Appellant's *pro se* motion for removal, and PCRA counsel continues to represent Appellant on this appeal.

request to have his direct appeal rights reinstated *nunc pro tunc*.[14] The court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

On March 4, 2016, the court filed a responsive opinion, in which it determined that it had erred in finding there was sufficient evidence that the victim suffered serious bodily injury. Trial Ct. Op. at 4. Rather, the court concluded there was sufficient evidence that Appellant **attempted** to cause serious bodily injury to the victim. *Id.* at 5.

Appellant raises the following issue for our review:

> Did the Commonwealth prove beyond a reasonable doubt that . . . Appellant had the specific intent to cause serious bodily injury to the complaining witness?

Appellant's Brief at 8.

Appellant argues there was insufficient evidence to convict him of aggravated assault because the Commonwealth failed to prove he acted with a specific intent to cause serious bodily injury to the victim. Appellant

---

[14] As a general rule, this Court has jurisdiction only over final orders. ***Commonwealth v. Rojas***, 874 A.2d 638, 642 (Pa. Super. 2005). "A direct appeal in a criminal proceeding lies from the judgment of sentence." ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa. Super. 2007). Nevertheless, "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Instantly, Appellant filed his notice of appeal *nunc pro tunc* on August 18, 2015. However, the court did not reinstate his direct appeal rights until October 8, 2015. Therefore, we will relate forward Appellant's premature notice of appeal to October 8, 2015, to resolve any jurisdictional impediments. ***See id.***

claims the evidence did not indicate the victim sustained any serious injuries or that Appellant used a firearm or any weapon on the victim. Appellant further contends that, even if he had used a firearm, merely pointing a gun at the victim would have established no more than simple assault. Appellant maintains the court erred in finding his actions constituted an attempt to cause serious bodily injury. Appellant concludes this Court should reverse his aggravated assault conviction and remand for resentencing. We disagree.

Our review of sufficiency of the evidence is governed by the following principles:

> As this case involves a question of law, our scope of review is plenary. Our standard of review is *de novo*.
>
> * * *
>
> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict. [A]ll of the evidence and any inferences drawn therefrom must be viewed in the light most favorable to the Commonwealth as the verdict winner.
>
> * * *
>
> In applying this standard, [the reviewing court must] bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling thereon were correct; and the trier of fact, while passing upon the

credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1235-36, 1237 (Pa. 2007) (citations and quotation marks omitted).

The Pennsylvania Consolidated Statutes define aggravated assault, in relevant part, as follows:

**§ 2702. Aggravated assault**

**(a) Offense defined.—**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702(a)(1). This Court has defined "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) (citation and quotation marks omitted). "The Commonwealth, in sustaining an aggravated assault conviction, need only show the defendant attempted to cause serious bodily injury to another, not that serious bodily injury actually occurred." *Commonwealth v. Galindes*, 786 A.2d 1004, 1012 (Pa. Super. 2001) (citations and footnote omitted).

Further,

[w]here the victim does not sustain serious bodily injury, the Commonwealth must prove that the appellant acted with specific intent to cause serious bodily injury. The Commonwealth may prove intent to cause serious bodily injury by circumstantial evidence. In determining whether the Commonwealth proved the [a]ppellant had the requisite specific intent, the fact-finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom. A determination of whether an appellant acted with intent to cause serious bodily injury must be determined on a case-by-case basis.

An intent is a subjective frame of mind, it is of necessity difficult of direct proof[.] We must look to all the evidence to establish intent, including, but not limited to, appellant's conduct as it appeared to his eyes[.] Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances. Moreover, depending on the circumstances even a single punch may be sufficient.

*Holley*, 945 A.2d at 247 (citations omitted). Moreover, "[a]ttempt, for aggravated assault purposes, is found where the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another." *Galindes*, 786 A.2d at 1012 (citation and quotation marks omitted).

This Court has held that "we cannot sustain a conviction for aggravated assault where the Commonwealth only demonstrates that the defendant pointed a gun at someone." *Commonwealth v. Matthews*, 870 A.2d 924, 929 (Pa. Super. 2005) (*en banc*) (citation omitted). Nevertheless, in *Matthews*, a panel of this Court concluded, "a defendant's failure to avail

himself of an opportunity to inflict serious bodily injury is not dispositive but merely one circumstance to be considered in the totality of the circumstances." *Id.* at 932, 933 (holding there was sufficient evidence to sustain the appellant's conviction for aggravated assault where the appellant's actions of shoving a loaded firearm into an unsuspecting motorist's throat, restraining the motorist by pointing the firearm at his throat, and expressing an intent to kill the motorist constituted a substantial step toward the infliction of serious bodily injury).

> While a defendant's failure to follow through with a threat may permit the fact-finder to conclude that a defendant only intended to frighten, and never possessed the intent to commit serious bodily injury, it may also permit the fact-finder to infer that the defendant possessed the intent and, under the circumstances, changed his mind. If the remaining circumstantial evidence of record, when viewed in the light most favorable to the Commonwealth, would permit the fact-finder to reach the latter conclusion, we may not reweigh the evidence and substitute our judgment for the fact-finder.

*Id.*

Instantly, after reviewing the record in the light most favorable to the Commonwealth, we conclude there is sufficient evidence to sustain Appellant's conviction of aggravated assault. *See Ratsamy*, 934 A.2d at 1236. An examination of Appellant's conduct, which included kicking and stomping the victim's body and holding a loaded firearm to her head, establishes Appellant's intent to take a substantial step toward causing serious bodily injury to the victim. *See Holley*, 945 A.2d at 247; *Galindes*,

786 A.2d at 1012. Thus, considering the totality of the circumstances, which includes the victim's broken rib and lacerated liver, Appellant's arguable failure to avail himself of the opportunity to inflict more severe bodily injury to the victim does not entitle him to relief. **See Matthews**, 870 A.2d at 932; **Galindes**, 786 A.2d at 1012. Accordingly, we affirm Appellant's conviction for aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2017