J-S18007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| IBRAHIM ALY | |
| Appellant | No. 1505 EDA 2015 |

Appeal from the Judgment of Sentence April 21, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006077-2013

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD*, J.

JUDGMENT ORDER BY PANELLA, J.                    **FILED APRIL 06, 2017**

Appellant, Ibrahim Aly, appeals from the judgment of sentence entered by the Honorable Diana Anhalt of the Philadelphia Court of Common Pleas following a probation violation hearing. We quash.

The relevant factual and procedural history is as follows. On September 12, 2013, Appellant was convicted of theft[1] and receiving stolen property.[2] Following his conviction, the trial court sentenced Appellant to a period of time served to twenty-three months' incarceration, with a concurrent two year probationary period. Appellant was immediately

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. § 3925(a).

paroled, and as a condition of his probation, was required to comply with mental health treatment and drug testing.

After refusing to comply with mental health treatment and testing positive for marijuana, Appellant absconded from supervision on October 12, 2014. On January 28, 2015, Appellant was notified of alleged violations of the conditions of his probation and an absconder warrant was subsequently issued for his arrest. Appellant was eventually arrested on March 20, 2015.

The trial court held a probation violation hearing on April 21, 2015. Appellant was found guilty of violating the conditions of his probation, and the trial court sentenced Appellant to serve his back time, granted him immediate parole and re-imposed a concurrent two-year probationary period.

Thereafter, Appellant filed a timely *pro se* post-sentence motion contesting the judgment of sentence. This appeal follows. However, because we find that the order Appellant purports to appeal from was not a final order, we cannot address Appellant's appeal on the merits.

"As a preliminary matter, we must first ascertain whether the judgment of sentence is properly appealable, because the question of appealabilty implicates the jurisdiction of this court." ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). Further, despite the fact that neither party addressed the issue of jurisdiction, we may raise the question of jurisdiction *sua sponte*. ***See Roman v. McGuire Mem'l***, 127 A.3d 26, 31 (Pa. Super. 2015), *appeal denied*, 134 A.3d 57 (Pa. 2016).

The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. 42 Pa.C.S.A. § 742. In the context of criminal proceedings where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. ***Commonwealth v. Alvarado***, 437 Pa. Super. 518, 520, 650 A.2d 475, 476 (1994). Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is final and appealable depends upon whether a defendant files the now optional post-sentencing motions.

When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for the purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence. Pa.R.Crim.P., Rule 1410A(3),[3] 42 Pa.C.S.A. and comments thereto; ***Commonwealth v. Alvarado***, 437 Pa. Super. at 520, 650 A.2d at 476-477. If post-sentencing motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law. ***Id***., at Rule 1410A(2) and comments thereto; ***Commonwealth v. Chamberlain***, 442 Pa. Super. 12, 16, 658 A.2d 395, 397, *appeal quashed*, 543 Pa. 6, 669 A.2d 877(1995). Moreover, the comments to Rule 1410 explicitly provide that "no direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Comments to Pa.R.Crim.P. Rule 1410, 42 Pa.C.S.A.

***Borrero***, 692 A.2d at 159-160.

Here, the certified record reflects that Appellant was sentenced on April 21, 2015. He filed a post-sentence motion on April 30, 2015 and then a notice of appeal on May 21, 2015, prior to the trial court issuing an order

---

[3] Rule 1410 was renumbered Rule 720, effective March 1, 2000.

disposing of the post-sentence motion or the denial of the order by operation of law. *See* Pa.R.Crim.P. 720(3). If an appropriate order denying the post-sentence motion had been noted on the docket, we could have regarded this appeal as having been filed within thirty days of the day on which the post-sentencing motions should have been denied by operation of law. *Cf*. Pa.R.A.P. 905(a). However, because an appropriate order has not been entered on the docket denying the post-sentencing motion as an operation of law, the judgment of sentence has not yet been finalized. *See Borreo*, 692 A.2d at 159-160.

Thus, we are without jurisdiction to entertain this appeal. *See* 42 Pa.C.S.A. § 742.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017

- 4 -