J-S14006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER FORMAN, A/K/A :
CHRISTOPHER COKER :
: No. 1504 EDA 2017
Appellant :

Appeal from the Judgment of Sentence April 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006295-2014

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 10, 2019**

Christopher Forman ("Forman"), a/k/a Christopher Coker, appeals from his judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County. Upon review, we remand for proceedings consistent with the dictates of this memorandum.

Forman was convicted by a jury of burglary and related offenses on January 13, 2017. On April 6, 2017, the trial court sentenced him to an aggregate term of 22 to 44 years of incarceration. The court, *sua sponte*, reconsidered Forman's sentence and, on April 17, 2017, resentenced him to an aggregate term of 15½ to 44 years' incarceration. On April 17, 2017, a post-sentence motion was filed. While the motion bears a heading containing the name and contact information of Forman's counsel of record, Mary T. Maran, Esquire, and was docketed as having been filed by Attorney Maran,

_____

\* Retired Senior Judge assigned to the Superior Court.

the body of the motion does not appear to have been written by an attorney, and the document is unsigned. On May 10, 2017, while the post-sentence motion was pending,[1] Forman filed a notice of appeal, signed by Attorney Maran, to this Court. That same day, Attorney Maran filed a motion to withdraw as counsel, in which she averred as follows:

> Petitioner, CHRISTOPHER FORMAN, by and through his counsel, MARY T. MARAN, ESQUIRE, requests that this Honorable Court grant this Motion to Withdraw and in support there[of] petitioner respectfully represents:
>
> 1. After electing a jury trial, Petitioner was convicted of Burglary and related offenses.
>
> 2. On April 6, 2017, Mr. Foreman [*sic*] was sentenced to an aggregate term of 22-40 years of incarceration.
>
> 3. The court *sua sponte* filed a reconsideration of sentence and reduced the sentence to 15.5-44 years.
>
> 4. **On April 18,[2] 2017, a post[-]sentence motion was filed**.
>
> 5. Counsel has perfected [an] appeal by timely filing Notice of Appeal with the Superior Court.
>
> 6. Counsel's contractual obligations to Mr. Forman are satisfied.

---

[1] In its Pa.R.A.P. 1925(a) opinion, the trial court states that Forman's post-sentence motion had been denied by operation of law. In fact, it was not. Forman's notice of appeal was filed less than a month after the post-sentence motion was docketed, well short of the 120-day time limit after which a motion is deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a).

[2] While the post-sentence motion is stamped "received" by the Office of Judicial Records, Appeals/Post Trial Unit on April 18, 2017, the docket indicates that the document was filed on April 17, 2017.

> WHERFORE, Petitioner respectfully requests that this Honorable Court grant this motion to withdraw as counsel.

Motion for Withdrawal of Representation, 5/10/17, at 1-2 (emphasis added).

As a preliminary matter, we must determine whether we have jurisdiction to consider Forman's appeal. We may raise questions implicating the jurisdiction of this Court *sua sponte*.[3] ***Commonwealth v. Horn***, 172 A.3d 1133, 1135 (Pa. Super. 2017).

The Judicial Code provides that this Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. ***See*** 42 Pa.C.S.A. § 742. In the context of a criminal proceeding, an appeal lies from the entry of the final judgment of sentence. ***Commonwealth v. Alvarado***, 650 A.2d 475, 476 (Pa. Super. 1994). Where post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided. ***Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013), citing ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). ***See also*** Pa.R.Crim.P. 720, comment ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending.").

Here, the docket reflects that a post-sentence motion was filed by counsel on April 17, 2017. This motion was still pending at the time Forman

---

[3] Despite having requested and received an extension of time within which to do so, the Philadelphia Office of the District Attorney did not file a brief in this matter.

filed his counseled notice of appeal and has never been formally disposed of by order docketed of record. The entry of an appropriate order disposing of post-sentence motions is a prerequisite to this Court's exercise of jurisdiction. **Borrero**, 692 A.2d at 160. As no such order has been entered on the trial court docket, it appears we may be without jurisdiction to consider Forman's appeal.

However, based on the record before us, we are unable to determine if Forman's post-sentence motion was <u>actually</u> filed by counsel, or whether Forman, using a heading containing counsel's name and contact information, filed the motion *pro se*. If the former is true, we are without jurisdiction to consider the appeal for the reasons stated above. However, if the latter is the case, Forman's filing is a legal nullity, as he was represented by counsel at the time of the filing, and we may consider the merits of his otherwise timely appeal. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (*pro se* filing by represented defendant constitutes "legal nullity").

The information available in the certified record as it currently exists is conflicting, to say the least. As noted above, the trial court docket indicates that the post-sentence motion was filed by counsel. The trial court, in its opinion, states that a post-sentence motion was filed, but does not indicate by whom. Forman's trial counsel, Attorney Maran, refers to the filing of a post-sentence motion in her motion to withdraw as counsel, but does not specify if she or Forman actually filed the motion. **See** Motion for Withdrawal of Representation, **supra**. Finally, Forman's appellate counsel states in his

brief that Forman filed a *pro se* post-sentence motion while still represented by counsel.[4]  **See** Brief of Appellant, at 10.

In light of this utter lack of clarity, we are constrained to remand this matter to the trial court for thirty days, for the purpose of determining whether the post-sentence motion noted on the docket as filed on April 17, 2017, was filed by Attorney Maran or by Forman, acting *pro se.*

Case remanded with instructions.  Jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/19

_____

[4] Appellate counsel states that Forman's post-trial motion was filed on April 24, 2017.  The common pleas docket contains a notation confirming "[r]eceipt of [f]iling from [r]epresented [d]efendant [n]ot [s]igned by [a]ttorney" on April 24, 2017.  The certified record contains a handwritten document, filed on April 24, 2017, the content of which is nearly identical to averments contained in the post-sentence motion purportedly filed by trial counsel on April 17, 2017.