**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER FORMAN, A/K/A | : | |
| CHRISTOPHER COKER | : | |
| | : | No. 1504 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence April 17, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006295-2014

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY LAZARUS, J.:                **FILED AUGUST 06, 2019**

Christopher Forman ("Forman"), a/k/a Christopher Coker, appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County.  Upon review, we quash.

Forman was convicted by a jury of burglary and related offenses on January 13, 2017.  On April 6, 2017, the trial court sentenced him to an aggregate term of 22 to 44 years of incarceration.  The court, *sua sponte*, reconsidered Forman's sentence and, on April 17, 2017, resentenced him to an aggregate term of 15½ to 44 years' incarceration.  On April 17, 2017, Forman, through his then-counsel, Mary Maran, Esquire, filed a post-sentence

_____

*   Retired Senior Judge assigned to the Superior Court.

motion.[1]  On May 10, 2017, while the post-sentence motion was still pending,[2] Attorney Maran filed a notice of appeal to this Court on Forman's behalf.  That same day, Attorney Maran filed a motion to withdraw as counsel, which the court granted on May 17, 2017.  Current counsel was appointed to represent Forman on appeal.

As a preliminary matter, we must determine whether we have jurisdiction to consider Forman's appeal.  We may raise questions implicating the jurisdiction of this Court *sua sponte*.  **Commonwealth v. Horn**, 172 A.3d 1133, 1135 (Pa. Super. 2017).

The Judicial Code provides that this Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.  **See** 42 Pa.C.S.A. § 742.  In the context of a criminal proceeding, an appeal lies from the entry of the final

---

[1] We previously remanded this matter with instructions that the trial court hold a hearing to determine whether Forman's post-sentence motion was filed by counsel or by Forman, acting *pro se*.  **See Commonwealth v. Forman**, 1504 EDA 2017 (Pa. Super. filed Apr. 10, 2019).  The court concluded that the motion was filed by counsel.  **See** Trial Court's Response to Order, 6/28/19.

[2] In its Pa.R.A.P. 1925(a) opinion, the trial court states that Forman's post-sentence motion had been denied by operation of law.  In fact, it was not.  Forman's notice of appeal was filed less than one month after the post-sentence motion was docketed, well short of the 120-day time limit after which a motion is deemed denied by operation of law.  **See** Pa.R.Crim.P. 720(B)(3)(a).

judgment of sentence. ***Commonwealth v. Alvarado***, 650 A.2d 475, 476 (Pa. Super. 1994). Where post-sentence motions are filed, the judgment of sentence does not become final until those motions are ruled upon or denied by operation of law. ***Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa. Super. 2013), citing ***Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). ***See also*** Pa.R.Crim.P. 720, comment ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending.").

Here, the docket reflects that a post-sentence motion was filed by prior counsel on April 17, 2017. The motion was still pending at the time Forman filed his counseled notice of appeal on May 10, 2017, and was never formally disposed of by order docketed of record. The entry of an appropriate order disposing of post-sentence motions is a prerequisite to this Court's exercise of appellate jurisdiction. ***Borrero***, 692 A.2d at 160. As no such order has been entered on the trial court docket, we are without jurisdiction to consider Forman's appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/19

- 3 -