J-S95030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARVIN GILMORE | |
| Appellant | No. 1115 EDA 2016 |

Appeal from the PCRA Order March 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0705281-2000

BEFORE:  STABILE, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED APRIL 21, 2017**

Marvin Gilmore appeals from the March 18, 2016 order entered by the Philadelphia County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 13, 2002, Gilmore pled guilty to charges of carrying a firearm without a license, resisting arrest, and two counts of attempted murder.[1]  On April 21, 2003, the trial court resentenced Gilmore to an aggregate term of 30 to 69 years' incarceration.[2]  Gilmore thereafter filed a

_____

[1] 18 Pa.C.S. §§ 6106, 5104, and 2502, respectively.

[2] The trial court originally sentenced Gilmore to an aggregate term of 36 to 89 years' incarceration on March 27, 2013.  Gilmore filed a motion to modify sentence, which the court granted, acknowledging a sentencing error
*(Footnote Continued Next Page)*

motion to withdraw his guilty plea, which the trial court denied on May 7, 2003. On July 15, 2003, Gilmore filed a *pro se* PCRA petition. Gilmore was appointed counsel, who filed an amended petition alleging that trial counsel was ineffective for failing to file a direct appeal. On March 17, 2004, the PCRA court denied the petition. Gilmore appealed, and this Court affirmed the PCRA court's decision on November 9, 2004.

On April 13, 2005, Gilmore filed a second PCRA petition. On February 14, 2006, the PCRA court sent notice of its intent to dismiss Gilmore's petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On February 24, 2006, Gilmore filed an objection to the trial court's Rule 907 notice. On March 15, 2006, the PCRA court dismissed Gilmore's petition as untimely. Gilmore appealed, and on November 16, 2006, this Court affirmed. On October 25, 2007, Gilmore filed his third PCRA petition. The PCRA court sent Gilmore a Rule 907 notice, and on June 17, 2008, it dismissed Gilmore's third petition as untimely. Gilmore appealed, and on October 14, 2009, this Court affirmed.

On August 12, 2010, Gilmore filed the instant PCRA petition, his fourth.[3] On December 19, 2012, and June 11, 2015, Gilmore amended the

_(Footnote Continued)_ ───────────

and reducing one of Gilmore's sentences for attempted murder from 16 to 40 years' incarceration to 10 to 20 years' incarceration.

[3] We note that the period of time from the filing of Gilmore's fourth PCRA petition to its disposition by the PCRA court includes multiple substitutions of counsel on Gilmore's behalf.

petition. The trial court thereafter sent a Rule 907 notice, and on March 18, 2016, it dismissed Gilmore's petition as untimely. On April 6, 2016, Gilmore filed a timely notice of appeal.

Gilmore raises the following issue on appeal: "Did the PCRA Court err and violate [Gilmore's] Sixth and Fourteenth Amendment rights under the U.S[.] and Pennsylvania Constitutions by finding that his PCRA petition was untimely?" Gilmore's Br. at 4.

Our standard of review from the denial of PCRA relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Gilmore's judgment of sentence became final on June 6, 2003.[4]  He had one year from that date, that is, until June 6, 2004, to file a timely PCRA petition.  Therefore, his current petition filed on August 12, 2010, is facially untimely.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

---

[4] "If post-sentencing motions are timely filed, . . . the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law." **Commonwealth v. Rojas**, 874 A.2d 638, 642 (Pa.Super. 2005) (quoting **Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa.Super. 1997)). Because the trial court denied Gilmore's post-sentence motion on May 7, 2003, and Gilmore did not file a direct appeal, his judgment of sentence became final 30 days later.  **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Gilmore argues that his PCRA petition is timely pursuant to 42 Pa.C.S. § 9545(b)(1)(i) and (ii). We will first address whether Gilmore satisfies the time-bar exception in section 9545(b)(1)(ii), which is known as the "new facts" exception. Under this exception, a petitioner may overcome the PCRA time bar if he or she alleges and proves: "(1) the facts upon which the claim was predicted were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016); 42 Pa.C.S. § 9545(b)(1)(ii). "Due diligence 'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which a claim is based." *Cox*, 146 A.3d at 230 (quoting *Commonwealth v. Edmiston,* 65 A.3d 339, 348 (Pa. 2013). Furthermore, our Supreme Court has "unequivocally explained that 'the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim.'" *Id.* at 227 (quoting *Commonwealth v. Abu Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).

Gilmore avers that his PCRA petition is timely because he filed it within 60 days of discovering a new fact, that is, "that critical notes of testimony from his plea proceedings [which] had been transcribed by the Court

- 5 -

Reporter Service [were] later destroyed, despite the fact that [Gilmore] had attempted multiple times through multiple sources to obtain them before their destruction." Gilmore's Br. at 8. He claims that he first learned of the alleged destruction of the notes of testimony on August 3, 2010, when he received an affidavit from his mother, dated June 9, 2010, which stated that in March 2010, she had learned from the court reporter service that the notes of testimony could not be located.

We conclude that Gilmore has failed to establish that the "new facts" exception applies. Regardless of whether the notes of testimony were missing or "destroyed,"[5] Gilmore knew in 2008 that the notes were unavailable, as evidenced by the letter Gilmore allegedly received from the court reporter service, *see* R.R. at 8.[6] Because Gilmore did not file the instant PCRA petition until 2010, the petition was not filed within 60 days of the date his claim could have been presented as required by section 9545(b)(2).

_____

[5] Although Gilmore contends the notes of testimony were "destroyed," he provides no proof that this occurred. Rather, the affidavit from his mother avers only that the court reporter service could not find the records.

[6] We note that the letter from the court reporter service, as included in the reproduced record, is undated; however, the version attached to Gilmore's original and amended PCRA petitions includes a handwritten notation of "Sept 17, 2008 [sic]."

Next, we address whether Gilmore satisfies the time-bar exception of section 9545(b)(1)(i), known as the "governmental interference" exception. Gilmore argues that the government interfered by ignoring his repeated requests for the notes of testimony "until it was too late and the notes had been destroyed." Gilmore's Br. at 19. "Although a *Brady*[7] violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise [the claim] was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2006).

We conclude that Gilmore has not proven any governmental interference. Although he repeatedly uses the words "destroyed" and "destruction," the only evidence Gilmore provides to support his allegation that the notes of testimony were destroyed is his mother's affidavit, which does not support this claim. Moreover, to the extent Gilmore argues that his requests for the notes of testimony were ignored, Gilmore was aware in 2008 that the notes of testimony were unavailable, and the instant PCRA

---

[7] *Brady v. Maryland*, 373 U.S. 83 (1963). "[T]o establish a *Brady* violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) the evidence was favorable to the defendant; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant." *Commonwealth v. Haskins*, 60 A.3d 538, 545 (Pa.Super. 2012).

petition was not filed until 2010. Further, Gilmore does not explain how the alleged destruction of the notes of testimony interfered with his ability to bring a claim challenging the propriety of his guilty plea colloquy, as Gilmore was present[8] at the guilty plea colloquy and would know whether he had been informed of the possibility that he could receive consecutive sentences.[9] Finally, Gilmore does not adequately explain how his ability to make claims related to the unavailability of the notes of testimony was affected by the alleged interference, and more critically, does not explain why that information could not have been obtained earlier with the exercise of due diligence.

Accordingly, we conclude that the PCRA court's dismissal of Gilmore's fourth PCRA petition is supported by the record and free of legal error.

Order affirmed.

_____

[8] Gilmore's brief contends only that he was not present at the April 21, 2003 resentencing hearing.

[9] Gilmore's underlying claim challenges the propriety of his guilty plea, that is, that he made the plea knowingly, intelligently, and voluntary. Gilmore contends that he was not informed prior to pleading of the possibility of receiving consecutive sentences, and that he believed that he would receive concurrent sentences.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/21/2017</u>