J-S35007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY JOSEPH ANDERSON | |
| Appellant | No. 1145 WDA 2016 |

Appeal from the Judgment of Sentence July 21, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003325-2015

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 29, 2017**

Jeffery Anderson appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County, following his conviction for robbery,[1] theft by unlawful taking,[2] receiving stolen property,[3] simple assault,[4] and possessing an instrument of crime.[5]  Anderson's counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3701(a)(1)(II).

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 3925(a).

[4] 18 Pa.C.S.A. § 2701(a)(3).

[5] 18 Pa.C.S.A. § 907(a).

*Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Upon review, we grant counsel's petition to withdraw and affirm Anderson's judgment of sentence.

The incident leading to Anderson's arrest and conviction occurred at the Avalon Hotel ("the Avalon"), in Downtown Erie, on the night of October 1 into the morning of October 2, 2015. Dawn Keister was working alone at the front desk when a male entered the Avalon wearing a blue hooded sweatshirt with the hood up and a scarf, covering his face from the nose down. The man pulled out a knife and demanded money from the cash register. Keister gave the man approximately seventy dollars from the cash register. The man then demanded to see what was under the cash register tray. The Avalon had previously kept money under the tray, but had stopped this practice about eight years prior to the incident. The man left the Avalon upon seeing that there was no money under the tray.

Keister testified that she had instantly recognized the male as "Jeff," a former Avalon employee who Keister worked with for a period of about six months approximately ten years earlier. Anderson was no longer working at the Avalon when the hotel ended its practice of keeping money under the tray of the cash register. Keister also testified that she had spoken with Anderson two days prior to the incident, when Anderson had come into the Avalon wearing a blue hooded sweatshirt and asked her if he could use the bathroom.

During the Erie Police Department's investigation of the robbery, a photo lineup was given to Keister, in which she was almost immediately able to identify Anderson's picture as the individual who robbed the Avalon. A photograph taken at a Walmart on September 29, 2015, also showed Anderson wearing a blue hooded sweatshirt. In addition, Detective Sergeant Rick Lorah testified that during his questioning of Anderson, Anderson had admitted going to the Avalon on the night of the incident.

A jury convicted Anderson on May 10, 2016, and on July 21, 2016, he was sentenced to serve an aggregate term of 40 to 120 months' incarceration followed by five years' probation. Anderson filed a post-sentence motion to modify or reduce sentence, which the trial court denied on July 29, 2016. Anderson filed a timely notice of appeal on August 2, 2016. On August 10, 2016, Anderson's counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court transmitted the record without an opinion to this court on September 7, 2016.

Anderson raises the following issue for our review:

> Whether the interests of justice entitle the appellant to a new trial as the jury's verdict was against the weight of the evidence such that it effectively shocked the conscience.

Brief of Appellant, at 3.

Counsel has filed a petition to withdraw pursuant to the requirements set forth in *Anders* and *Santiago*. Our Supreme Court in *Santiago* held:

[I]n the *Anders* brief that accompanies court[-]appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the procedural requirements of *Santiago*, this Court engages in an independent evaluation of the record to determine if the claims on appeal are wholly frivolous. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).

Counsel's brief satisfies the necessary procedural requirements. Her brief provides "a summary of the procedural history and facts, with citations to the record." *Santiago*, 978 A.2d at 361; Brief of Appellant, at 4-5. She further provides a review of the record, and raises the sole issue she believes arguably supports an appeal. *Id.* at 360; Brief of Appellant, at 7. Counsel's brief also states her conclusion that the claims are frivolous, and she provides her reasoning for this conclusion. *Id.*; Brief of Appellant, at 7, 8. Lastly, counsel notified Anderson of her request to withdraw and provided him with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se* as to any issues he believes might have merit.

Counsel having satisfied the procedural requirements for withdrawal, we must now examine Anderson's claim to determine if the appeal is frivolous. *Anders*, 386 U.S. at 744; *Rojas*, 874 A.2d at 639. Specifically, Anderson asserts that his conviction was against the weight of the evidence.

- 4 -

> An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence[,] do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Stokes,* 78 A.3d 644, 650 (Pa. 2013), quoting *Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (citations, quotation marks, and footnote omitted). In other words, a court may grant a new trial because the verdict is against the weight of the evidence only when the verdict rendered is so contrary to the evidence as to shock one's sense of justice.[6] *Id.* at 651.

Upon review of the record as a whole, we conclude that the verdict was not so contrary to the weight of the evidence as to shock one's sense of

---

[6] Here, the trial court denied Anderson's post-sentence challenge to the weight of the evidence. However, because counsel filed a notice of intent to file an *Anders* brief, the court declined to write an opinion. Thus, we undertake our review without the benefit of the trial court's analysis on this issue. *See Commonwealth v. Ross*, 856 A.2d 93, 99 (Pa. Super. 2004) ("While appellate review of a weight of the evidence claim normally involves examining the trial court's exercise of discretion in its review of the fact-finder's determinations, instantly, we must test the merits of Appellant's claim without the benefit of a trial court's opinion." (citation omitted)).

justice. *Snyder*, 870 A.2d at 346. Keister testified that she immediately recognized the robber as Anderson. She further testified that the individual possessed information about the Avalon's money storage practices dating to the time of Anderson's employment at the hotel. Keister was able to identify Anderson from a photo lineup as the individual who robbed the Avalon. Anderson was further identified by the photograph that was taken of him at Walmart showing him wearing a blue hooded sweatshirt. Additionally, Anderson admitted during an interview with Detective Lorah that he had been to the Avalon on the night of the robbery.

To succeed on his weight claim, Anderson must raise evidence that, notwithstanding the above facts that support the jury's verdict, is "so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Widmer*, 744 A.2d at 752. While Anderson correctly states this legal standard, he does not refer to any evidence to show that the jury's verdict should have shocked our sense of justice, and our own independent review reveals none. Therefore, Anderson's weight of the evidence challenge is meritless.

Counsel has satisfied all procedural requirements for withdrawal. Furthermore, after this Court's review of the record, we find Anderson's claim to be meritless and affirm his judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/29/2017</u>