J-S52007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ROMELL THOMPSON, :
:
Appellant : No. 867 MDA 2016

Appeal from the PCRA Order March 31, 2016
in the Court of Common Pleas of Cumberland County,
Criminal Division, No(s):   CP-21-CR-0002705-2008

BEFORE:  GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 23, 2017**

Romell Thompson ("Thompson") appeals from the Order denying his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court previously set forth the relevant factual and procedural history of this case in its Opinion affirming the denial of Thompson's second PCRA Petition, which we adopt for the purpose of this appeal.  ***See Commonwealth v. Thompson***, 105 A.3d 801 (Pa. Super. 2014) (unpublished memorandum at 1-3).

Subsequently, on March 29, 2016, Thompson, *pro se*, filed a Motion to Reopen/Reconsider, which the PCRA court properly treated as Thompson's

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

third PCRA Petition.[2] The PCRA court denied the Petition on March 31, 2016, without a hearing. Thompson, *pro se*, filed a timely Notice of Appeal and a court-ordered Concise Statement of matters complained of on appeal. On June 24, 2016, the PCRA court appointed Thompson counsel, who filed an Amended Concise Statement.[3]

On appeal, Thompson raises the following issues for our review:

1. Did the PCRA court abuse it[]s discretion or commit an error of law by denying the PCRA [Petition] as untimely?

2. Did the PCRA court abuse it[]s discretion or commit an error of law by denying [Thompson] PCRA relief?

3. Did the PCRA court violate [Thompson's] right to represent himself when [Thompson] did not request the assistance of counsel[,] nor did the court hold a hearing to determine if [Thompson] wanted the assistance of counsel?

Brief for Appellant at 5 (some capitalization omitted).

In reviewing the denial of a PCRA Petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007) (citations omitted).

---

[2] Under established Pennsylvania precedent, "the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013) (citations omitted). Thus, issues that are cognizable under the PCRA must be raised in a timely PCRA petition, and a petitioner may not escape the PCRA's mandates by titling his petition a "motion." **See id**.

[3] Notably, in the Amended Concise Statement, counsel raised the *same* issues that Thompson had raised in his *pro se* Concise Statement, and added one more issue.

As Thompson's first two issues are related, we will address them together. Thompson contends that the PCRA court erred by not conducting a hearing prior to denying his Petition. Brief for Appellant at 9. Thompson claims that "[t]he [PCRA] court asserts that the claims are without merit in [its] Pa.R.A.P. 1925(a) [O]pinion, but did not give [] Thompson the opportunity to flesh out any additional facts not known previously." *Id*. Thompson asserts that the PCRA court's Order should be reversed, and the case remanded for a hearing. *Id*.

The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011); *see also* Pa.R.Crim.P. 907. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Paddy*, 15 A.3d at 442 (quoting *Commonweath v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004)). An evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Jones*, 811 A.2d 994, 1003 n.8 (Pa. 2002) (citation omitted) (wherein the Supreme

Court declined to remand for an evidentiary hearing when the appellant made no proffer of evidence).

Here, the PCRA court denied Thompson's Petition as untimely filed under the PCRA. **See** PCRA Court Opinion, 11/22/16, at 3-4. Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Thompson's judgment of sentence became final in 2010, when the period of time to file an appeal with our Supreme Court expired.[4] **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Rojas**, 874 A.2d 638, 643 (Pa. Super. 2005). Thompson had until 2011 to file the instant PCRA

---

[4] This Court affirmed Thompson's judgment of sentence on August 30, 2010, **Commonwealth v. Thompson**, 11 A.3d 1043 (Pa. Super. 2010) (unpublished memorandum), and Thompson did not seek allowance of appeal to our Supreme Court.

- 4 -

Petition, but did not do so until 2016. Thus, Thompson's Petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Thompson has failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. *See* 42 Pa.C.S.A. § 9545(b)(1); *Albrecht*, 994 A.2d at 1094. Accordingly, Thompson has failed to overcome the untimeliness of his Petition, and the PCRA court, lacking jurisdiction to consider the Petition, did not err by denying it without a hearing. *See Albrecht*, 994 A.2d at 1093.

In his third issue, Thompson contends that the PCRA court erred by appointing him counsel because he "never expressed a desire for the assistance of counsel." Brief for Appellant at 11. Thompson points out that, prior to the appointment of counsel, Thompson had filed, *pro se*, a Notice of Appeal, a request to proceed *in forma pauperis* and a Concise Statement. *Id*. at 11-12. Thompson argues that the PCRA court improperly failed to conduct a hearing to determine if Thompson wanted an attorney to represent him. *Id*. at 12.

In its Opinion, the PCRA court addressed Thompson's third issue and determined that it lacks merit. *See* PCRA Court Opinion, 11/22/16, at 5-7. We agree with the reasoning of the PCRA court, and affirm on this basis as to Thompson's third issue. *See id*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2017

COMMONWEALTH

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA

: CP – 21 – CR – 2705 – 2008

v.

: CHARGES: (1) CRIMINAL CONSPIRACY TO
:     UNLAWFUL DELIVERY,
:     MANUFACTURE, OR
:     POSSESSION WITH INTENT
:     TO DELIVER A SCHEDULE I
:     AND/OR II C.S.
:    (2) UNLAWFUL DELIVERY OR
:     MANUFACTURE OR
:     POSSESSION WITH INTENT
:     TO DELIVER A SCHEDULE
:     II CONTROLLED
:     SUBSTANCE
:    (3) UNLAWFUL DELIVERY,
:     MANUFACTURE OR
:     POSSESSION WITH INTENT
:     TO DELIVER A SCHEDULE I
:     CONTROLLED SUBSTANCE

ROMELL THOMPSON
OTN: L442499-1

: AFFIANT: TPR. JAMES M. BORZA

## IN RE: OPINION PURSUANT TO PA. R.A.P. 1925(a)

**Ebert, J., November 22, 2016 –**

In this post-sentence appeal, Appellant challenges the denial of Post-Conviction Relief Act petition, as well as violating Appellant's right to represent himself. This opinion is written pursuant to Pa. R.A.P. 1925(a). Appellant's bases for appeal are as follows:

1. Counsel incorporates paragraph 1 of Mr. Thompson's pro se *Appellant's Concise Statement of Errors on Appeal Per Pa. R.A.P. 1925(B)*, by reference, as though fully set forth herein at length. **See Attachment "A".** [wherein Appellant averred, "*Whether the Court abused its discretion or committed an error of law by denying the P.C.R.A. as untimely?*"]

*A – 1*

2. Counsel incorporates paragraph 2 of Mr. Thompson's pro se *Appellant's Concise Statement of Errors on Appeal Per Pa. R.A.P. 1925(B),* by reference, as though fully set forth herein at length. **See Attachment "A".** [wherein Appellant averred, "Whether the court abused its' discretion or committed an error of law by denying the P.C.R.A. petitioner relief?"]

3. The court violated Mr. Thompson's right to represent himself. The record does not show that Mr. Thompson affirmatively requested the assistance of counsel, nor did the court hold a hearing to determine if Mr. Thompson desired the assistance of counsel.

## Statement of Facts

Rather than restate the facts of this matter from the beginning, I will note that the Honorable Superior Court previously summarized the facts in its Opinion of July 24, 2014, wherein it affirmed the denial of Appellant's second P.C.R.A. petition. See generally Memorandum Opinion, Filed July 24, 2014, No. 1941 MDA 2013 (Pet. for allowance of appeal denied, November 24, 2014, at 654 MAL 2014). Here, the court has before it Appellant's third P.C.R.A. petition stemming from Appellant's June 25, 2009, conviction and August 25, 2009, sentencing.

Instantly, Appellant's Motion to Reopen/Reconsider was filed on March 29, 2016. Appellant's Motion to Reopen/Reconsider was denied by Order of Court on March 31, 2016. Appellant's Notice of Appeal was filed on April 14, 2016. On May 20, 2016, Appellant filed a Motion for Leave to Continue *In Forma Pauperis*, which was granted by Order of Court dated May 25, 2016. On June 06, 2016, Appellant was ordered to file his Pa. R.A.P. 1925(B) statement no later than June 27, 2016. Appellant subsequently requested, and received, three extensions of time to file his Rule 1925(b) statement (1) to July 15, 2016, (2) to August 10, 2016, and finally (3) to September 12, 2016. Appellant's Rule 1925(B) statement was finally received by the court on September 12, 2016.

*A* - 2

In that interval, Appellant received court-appointed counsel by Order dated June 24, 2016. Appellant also filed a *pro se* Rule 1925(B) statement on June 30, 2016, which was incorporated into Appellant's final Rule 1925(B) filed on September 12, 2016. Additionally, on August 02, 2016, this court received a first notice from the Superior Court that the record in the instant case was overdue. Appellant's final Rule 1925(B) statement, filed on September 12, 2016, raises three issues for review, prompting this court's Pa. R.A.P. 1925(a) opinion.

## Discussion

### A. Whether Appellant's instant P.C.R.A. Petition is untimely

The first error raised on appeal by Appellant is that this court improperly denied as untimely Appellant's March 29, 2016, Motion to Reopen/Reconsider the denial of his second P.C.R.A. petition. Appellant contends that new review of his P.C.R.A. petition is merited due to the denial of his previous petition being based on invalid grounds and conclusions, including the conclusion that the P.C.R.A. was untimely filed.[1] Appellant cited to the recent U.S. Supreme Court case of Montgomery v. Louisiana, 136 S. Ct. 718, 193 L. Ed. 2d 599 (U.S. 2016) as support for that proposition.

In Montgomery, the Supreme Court held that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule. Id. at 729. The creation of a new substantive rule which would apply retroactively would be an exception to the one-year deadline for the filing of any and all post-conviction petitions for relief. 42 Pa.C.S. §9545(b)(iii). If Appellant could demonstrate the existence of a new substantive rule with

---

[1] See Motion to Reconsider/Reopen, filed March 29, 2016, at ¶1

A-3

retroactive effect, he would be permitted to file a P.C.R.A. petition that was otherwise-untimely.

However, Appellant's reliance on Montgomery is misplaced. The holding of Montgomery that Appellant relies upon, that a new substantive rule with retroactive effect must be reviewed by a state collateral review court, merely reflects the U.S. Supreme Court adoption of an exception already codified by 42 Pa.C.S. §9545(b)(iii). In other words, Appellant is merely attempting to argue that his petition is now timely because the U.S. Supreme Court decided to adopt a timeliness exception that was already existent in Pennsylvania. Notably, the Superior Court found that Appellant specifically failed to raise any exceptions under §9545(b) in his second P.C.R.A. petition, which led to that petition being found untimely.[2] Appellant's failure to raise any exception under §9545(b) in his second P.C.R.A. includes the failure to raise the very exception that Appellant now avers would render his third P.C.R.A. timely. Therefore, this court should be affirmed on appeal.

**B. Whether the court abused its discretion by denying Appellant's P.C.R.A.**

Next, Appellant challenges whether this court abused its discretion by denying his most recent P.C.R.A. petition. When reviewing the denial of a P.C.R.A. petition, the standard is whether the trial court's determinations are supported by the record and are free of legal error. Com. v. Roney, 79 A.3d 595, 603 (Pa. 2013). Next, the reviewing court will examine the timeliness of the appellant's petition, to determine whether there is jurisdiction to reach the P.C.R.A. petition's merits. Com. v. Ali, 86 A.3d 173, 177 (Pa. 2014). Any P.C.R.A. petition must be filed within one year of the date the judgment

---

[2] See Memorandum Opinion, filed July 24, 2014, No. 1941 MDA 2013, at 5.

A-4

becomes final, unless the petition alleges and the petitioner proves that an exception applies. 42 Pa.C.S. §9545(b)(1).

To begin, this court points to the Superior Court's previous finding in this case, that the deadline for Appellant to timely file any P.C.R.A. petition was September 29, 2011.[3] Appellant is now five years beyond that period and, as discussed above, raised no allegation regarding the presence of a §9545(b) exception other than a bald statement that because the U.S. Supreme Court adopted the same timeliness exception in 2016 that was available by Pennsylvania statute to Appellant in 2013, Appellant's P.C.R.A. is now timely. Appellant, frankly, had two prior opportunities to raise a §9545(b)(1)(iii) exception and failed to do so.

This Court finds that Appellant's third P.C.R.A. petition is untimely. The trial court has no power to address the merits of an untimely P.C.R.A. petition. Com. v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000). Here, Appellant merely avers that the U.S. Supreme Court adopted a new substantive rule with retroactivity which would make his otherwise-untimely P.C.R.A. petition timely. However, that averment entirely neglects the fact that the exact same relief was already available to Appellant when he filed his previous P.C.R.A. petitions. Because the remedy Appellant claims is "new" was already available to him under §9545(b)(1)(iii), it cannot be the basis for finding an otherwise-untimely P.C.R.A. petition to be timely. Therefore, this court should be affirmed on appeal.

### C. Whether Appellant's right to represent himself was violated

In his final error complained of on appeal, Appellant contends that this court violated Appellant's right to represent himself. Appellant argues that he never

---

[3] See Memorandum Opinion, supra note 2, at 5.

affirmatively requested that counsel be appointed, and that the court never held a hearing to determine whether Appellant desired the assistance of counsel. As a result, it is Appellant's position that the act of being represented by counsel against his wishes is reversible error.

In order to proceed *pro se*, a defendant must knowingly, intelligently and voluntarily waive his constitutional right to the assistance of counsel. Com. v. Starr, 541 Pa. 564, 581 (1995). If that waiver is found to not be knowing, intelligent and voluntary, it may be denied by the trial court. Id. There are also a list of factors which the trial court must establish that the defendant understands. Id. at 581-582. If any of those factors were not met, the trial court would have to deny the defendant's request to appear *pro se*.

Here, as Appellant contends, no such evaluation of whether Appellant waived his right to counsel was performed. However, upon review of the record, it appears that was because Appellant never expressed the intent to waive his right to counsel prior to the instant P.C.R.A. petition. Because Appellant never expressed a desire to waive his right to counsel, no examination of that desire was ever performed. Rather Appellant, having enjoyed the benefit of counsel through all the underlying proceedings and multiple years of litigated P.C.R.A. petitions, avers for the first time on appeal that this court erred in appointing counsel to represent him. Moreover, Pa. R.Crim.P. 904(E) requires the appointment of counsel for a defendant whenever the interests of justice require it. Here, Appellant presented to this court his third P.C.R.A. petition, which was denied and subsequently appealed. As Appellant is indigent, appointed counsel best served the

interests of justice by permitting Appellant's errors complained of on appeal to be presented in a clear and concise manner.

Further, this Court notes that beyond this specific error presented on appeal, the remainder of Appellant's concise statement is carried over from his previous *pro se* 1925(b) statement. Appellant's argument appears to be somewhat circular. Appellant claims now he was deprived of his right to represent himself by the court's act of appointing counsel. Appointed counsel adopted verbatim the *pro se* arguments Appellant made to this court regarding his P.C.R.A. petition. Appellant does not even reproduce those errors, but merely incorporates them as an attachment to the final 1925(b) statement. The very errors the Defendant wanted to raise pro se, have been raised and found to be legally insufficient to grant him relief. This Court cannot see how Appellant's constitutional right to represent himself was violated, when Appellant's counsel presented the same arguments to the court that Appellant presented himself. Thus, this court should properly be affirmed on appeal.

## Conclusion

Here, Appellant contests the denial of his third P.C.R.A. petition. Appellant's P.C.R.A. petition is, by now, over five years untimely and Appellant does not aver any exceptions to §9545(b) that would render this petition timely. Instead, Appellant merely avers that the U.S. Supreme Court adopted an exception to timeliness that was already present and available to Appellant by statute. Because Appellant pointed to no new substantive rule that applied retroactively to his case, the instant P.C.R.A. petition was properly denied as untimely. Because Appellant's P.C.R.A. petition was untimely, this court was without jurisdiction to consider the merits of the petition, meaning that the

A-7

denial of the petition was not an abuse of discretion. Finally, Appellant failed to express

an intent to waive his right to representation by counsel until the instant appeal, and

further the Rules of Criminal Procedure allow the appointment of counsel when doing so

best serves the interests of justice. Thus, this court should properly be affirmed on

appeal.

By the Court,

_____
M.L. Ebert, Jr.;                    J.

District Attorney's Office

Arla Waller, Esquire
Deputy Public Defender

Romell Thompson, JF-6190
SCI – Benner
301 Institution Drive
Bellefone, PA 16823

A-8