J-S77016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HASSAN ANDREW WINIAVSKI | : | |
| | : | |
| Appellant | : | No. 581 MDA 2017 |

Appeal from the Judgment of Sentence January 19, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000288-2016

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 13, 2017**

Hassan Andrew Winiavski appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, following his conviction of involuntary deviate sexual intercourse ("IDSI") with a child.[1] Winiavski's counsel seeks to withdraw pursuant to ***Anders v. California***, 368 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).   Upon review, we grant counsel's motion to withdraw and affirm Winiavski's judgment of sentence.

Winiavski was charged with three counts of IDSI, and two counts of corruption of minors.[2]   He entered a guilty plea on September 26, 2016, to

_____

[1] 18 Pa.C.S. § 3123(b).

[2] 18 Pa.C.S. § 6301(a)(1)(i), (ii).

_____

*   Former Justice specially assigned to the Superior Court.

one count of IDSI with a child, a felony of the first degree. The court sentenced Winiavski to 8 to 20 years' imprisonment.[3] On appeal, Winiavski challenges the discretionary aspects of his sentence, claiming it was excessive in light of his circumstances, and did not consider his rehabilitative needs.

Winiavski's counsel, John E. Bender, Esq., has filed a petition to withdraw pursuant to the requirements set forth in *Anders* and *Santiago*. Our Supreme Court in *Santiago* held:

> [I]n the *Anders* brief that accompanies court[-]appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; and (3) state counsel's reasons for concluding the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the procedural requirements of *Santiago*, this Court engages in an independent evaluation of the record to determine if the claims on appeal are wholly frivolous. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005).

Here, counsel's brief satisfies the necessary procedural requirements. The brief provides "a summary of the procedural history and facts, with citations to the record[,]" and raises the issue he believes arguably supports an appeal. *Santiago*, 978 A.2d at 361; Brief of Appellant, at 6-14. The brief further provides a review of the record. *Santiago*, 987 A.2d at 360; Brief of Appellant, at 11-13. Counsel's brief also states his conclusion that the claim

---

[3] The sentence imposed was at the lower end of the standard sentencing guideline range. N.T. Sentencing, *supra*.

is frivolous and provides the reasoning for this conclusion. **Santiago**, 978 A.2d at 360; Brief of Appellant, at 13-14. Lastly, counsel notified Winiavski of his request to withdraw and provided him with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se* as to any issues he believes might have merit.[4] **See** Petition to Withdraw, 9/25/17; Counsel's Letter to Winiavski, 9/25/17. Counsel having satisfied the procedural requirements for withdrawal, we must now examine Winiavski's claim to determine if the claim is frivolous. **Anders**, 386 U.S. at 744; **Rojas**, 874 A.2d at 639.

Winiavski challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal*. **See Commonwealth v. Coulverson**, 34 A.3d 135, 142 (Pa. Super. 2011); **see also** Pa.R.A.P. 2119(f). This Court conducts a four-part analysis to determine:

> (1) whether Appellant has timely filed a notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa. Super. 2015) (citation omitted).

---

[4] Winiavski has not filed a *pro se* response.

The court sentenced Winiavski on January 19, 2017. He filed a timely post-sentence motion on January 24, 2017, wherein he preserved the sentencing issue, and his appellate brief contains a Rule 2119(f) statement. **See** Appellant's Brief, at 8. An appeal of the discretionary aspects of a sentence will only be granted when there is a substantial question that the sentence imposed was not appropriate under the Sentencing Code. 42 Pa.C.S. § 9781.

Historically, this Court has found a substantial question exists for purposes of section 9781 when the Rule 2119(f) statement reveals "a plausible argument that procedures followed by the sentencing court were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Goggins**, 748 A.2d 721, 726 (Pa. Super. 2000) (en banc) (citations omitted). Here, Winiavski's Rule 2119(f) statement provides:

> Appellant challenges the discretionary aspect of [his sentence] with regards to the length of sentence imposed relative to Appellant's lack of prior criminal history. Appellant also challenges the sentence on the grounds that it was excessive and did not take into account Appellant's treatment and rehabilitative needs.

Appellant's Brief, at 8.

Winiavski has failed to raise a substantial question for our review. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super.

- 4 -

2013). Additionally, the sentencing court had before it a presentence investigation report. ***See*** N.T. Sentencing, 1/19/17, at 2. ***See also Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."). Furthermore, the remainder of Winiavski's Rule 2119(f) statement is essentially a bald claim of excessiveness. This, too, fails to establish a substantial question. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citing ***Commonwealth v. Mouzon***, 812 A.2d 626, 627 (Pa. 2002) ("Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code")). Accordingly, on this ground, too, Winiavski's claim does not warrant review. ***Id***.[5]

We agree with counsel's conclusions that this claim is frivolous. Winiavski has not presented a substantial question, and review of the merits of his challenge to the discretionary aspects of his sentence is unwarranted. We, therefore, affirm the judgment of sentence and grant counsel's request to withdraw.

Judgment of sentence affirmed. Motion to withdraw granted.

_____

[5] Even were we to reach the merits, this sentencing claim would fail. The sentencing transcript clearly indicates the court's considered review of all relevant sentencing factors, specifically including counseling and treatment. ***See*** N.T. Sentencing, ***supra*** at 9.

- 5 -

BENDER, P.J.E., joins the memorandum.

STEVENS, P.J.E., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2017