J-S34009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL ELISAS WHITEHEAD | : | |
| | : | |
| Appellant | : | No. 1322 WDA 2017 |

Appeal from the Order August 31, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009216-1999

BEFORE:   BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                          **FILED JULY 26, 2018**

Carl Elisas Whitehead appeals from the order denying his *pro se* "motion for judgment on application for writ of error *coram nobis*."  We affirm.

In 2000, Appellant was convicted of involuntary deviate sexual intercourse, rape, aggravated assault, incest, indecent assault, endangering the welfare of children, and corruption of minors, stemming from his acts of vaginally and anally raping his seven-month-old daughter.  On September 25, 2000, Appellant was sentenced to an aggregate term of thirty-five to seventy years incarceration.  This court affirmed the judgment of sentence.  ***See Commonwealth v. Whitehead***, 803 A.2d 799 (Pa.Super. 2002) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court.  Consequently, his judgment of sentence became final on May 25, 2002.  ***See*** 42 Pa.C.S. § 9545(b)(3).

_____
* Retired Senior Judge assigned to the Superior Court.

Over the next fifteen years, Appellant filed six *pro se* petitions pursuant to the Post Conviction Relief Act ("PCRA"), all of which were denied. On May 17, 2017, while his appeal of the dismissal of his sixth PCRA petition was pending before this Court, Appellant filed the *pro se* "motion for judgment on application for writ of error *coram nobis*" which underlies the instant appeal. In that motion, Appellant claimed that he was denied his constitutional right to appeal his conviction for endangering the welfare of children because the trial court did not impose a sentence for that conviction. Thereafter, on June 6, 2017, Appellant filed another *pro se* PCRA petition.

On June 29, 2017, the PCRA court entered an order deferring any action on the June 6, 2017 PCRA petition pending resolution of the appeal of Appellant's sixth PCRA petition. On August 31, 2017, the PCRA court entered an order denying on the merits the "motion for judgment on application for writ of error *coram nobis*." Appellant filed a timely *pro se* notice of appeal. The PCRA court did not order him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Initially, we note that Pennsylvania law makes clear that **any** petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *coram nobis* relief, if the petition raises an issue for which the relief sought is available under the PCRA. **See** 42 Pa.C.S. § 9542 (stating that the PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory

remedies for same purpose, including *coram nobis*); *see also* *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa.Super. 2013) (holding that, under established Pennsylvania precedent, the PCRA is intended to be the sole means of achieving post-conviction relief).

Here, as this claim raised in the "motion for judgment on application for writ of error *coram nobis*" was cognizable under the PCRA, the PCRA court should have treated Appellant's motion as his seventh PCRA petition, and deferred ruling on it pending resolution of the appeal of Appellant's sixth PCRA petition. *See Commonwealth v. Montgomery*, 181 A.3d 359, 363 (Pa.Super. 2018) (*en banc*) (citing *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (holding that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review")). While we could remand the matter to the PCRA court, we decline to do so, as the appeal of Appellant's sixth PCRA petition was resolved nine days after the PCRA court denied the "motion for judgment on application for writ of error *coram nobis*."[1]

Having determined that Appellant's "motion for judgment on application for writ of error *coram nobis*" falls within the purview of the PCRA, we must determine if we have jurisdiction to address his claims. *See Taylor*, *supra*

---

[1] On September 9, 2017, this Court dismissed Appellant's appeal of his sixth *pro se* PCRA petition due to his failure to file a brief.

at 465 (holding that issues that are cognizable under the PCRA must be raised in a timely PCRA petition, and a petitioner may not escape the PCRA's mandates by titling his petition a "motion"). Under the PCRA, any PCRA petition "**including a second or subsequent petition**, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's judgment of sentence became final on May 25, 2002, when the period of time to file an appeal with our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); *see also Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa.Super. 2005). Appellant had until May 25, 2003, to file the instant "motion for judgment on application for writ of error *coram nobis*," but did not do so until May 17, 2017. Thus, Appellant's motion is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1). Any PCRA petition invoking one of these exceptions

"shall be filed within 60 days of the date the claim could have been presented."

***Id.*** § 9545(b)(2); ***see also Albrecht***, 994 A.2d at 1094.

Here, in his "motion for judgment on application for writ of error *coram nobis*," Appellant failed to plead or prove the applicability of any of the exceptions to the PCRA timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1); ***see also Albrecht***, ***supra*** at 1094. Thus, even if the appeal of Appellant's sixth PCRA petition had been fully resolved, the PCRA court should have dismissed Appellant's "motion for judgment on application for writ of error *coram nobis*" based on his failure to overcome the PCRA time bar, rather than denying it on the merits. However, as we may affirm the PCRA court ruling on any basis supported by the record, we affirm its August 31, 2017 order. ***See Commonwealth v. Ahlborn***, 683 A.2d 632, 641 n.14 (Pa.Super. 1996) (holding that this Court may affirm the PCRA court's decision upon any correct basis).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2018

- 5 -