J-S18007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
            :     PENNSYLVANIA
            :
      v.       :
            :
            :
RAMON L. MERCADO-ROSARIO  :
            :
     Appellant   : No. 1940 MDA 2018

Appeal from the Order Entered October 26, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0002170-2015

BEFORE: BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:      **FILED APRIL 17, 2019**

Ramon L. Mercado-Rosario appeals *pro se* from the order dismissing his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant shot Heidi Mercado-Rosario in the head with a revolver, and was thereafter charged with numerous offenses arising from that incident. Appellant ultimately entered a negotiated plea agreement whereby he pled guilty to possession of a firearm prohibited and recklessly endangering another person, and the Commonwealth *nol prossed* the remaining charges against him.  Consistent with the plea agreement, Appellant was sentenced on June 29, 2016, to serve five to ten years incarceration for possession of a firearm prohibited, followed by a consecutive term of one to two years incarceration for recklessly endangering another person.  Appellant did not appeal his judgment of sentence.

_____
* Former Justice specially assigned to the Superior Court.

On November 8, 2016, Appellant filed a *pro se* PCRA petition challenging his plea as involuntarily entered, and raising claims of illegality of sentence, and ineffectiveness of plea counsel. The PCRA court appointed counsel. A few weeks later, Appellant withdrew his petition with the advice and presence of PCRA counsel, who advised the court that Appellant had received the bargained-for sentence.

On August 31, 2017, Appellant filed a second *pro se* PCRA petition, claiming that he should have received two and one-half to five years of incarceration rather than five to ten years of incarceration, that his sentences should have merged, and that he received an unconstitutional mandatory minimum sentence. The PCRA court issued notice of its intention to dismiss the petition without a hearing based on the untimeliness of Appellant's petition and his failure to plead or prove an exception to the PCRA's timeliness requirements. *See* 42 Pa.C.S. § 9545(b)(1) Appellant filed a response thereto claiming that a challenge to the legality of sentence cannot be waived. The PCRA court entered an order on October 19, 2017, explaining that challenges to the legality of sentence in collateral proceedings are subject to the PCRA's timeliness requirements, and dismissing the second petition as untimely filed. Appellant did not appeal the dismissal order.

On September 25, 2018, Appellant filed the instant *pro se* PCRA petition, his third, raising the same issues that he raised in his second petition. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition

without a hearing, and on October 26, 2018, entered an order dismissing the petition. Appellant filed a timely notice of appeal and a court-ordered P.A.R.P. 1925(b) concise statement of matters complained of on appeal.

Appellant raises the following issues for our review:

I. Ineffective assistance of counsel. In that my lawyer erred in coarsing [sic] me to take a guilty plea of an illegal sentence of a 6-12 years.

II. Illegal sentence in that the judge sentence me to a 5-10 years. The judge gave me a mandatory minimum sentence of 5-10 years, for person not to possess a firearm. . . . [Appellant] should have gotten a 2½ -5 years for person not to possess a firearm.

III. [A]ll prior counsel, including PCRA counsel[,] have rendered layered ineffectiveness & in fact have rendered defected [sic] assistance pursuant to the layered ineffective assistance counsel doctrine, in violation of [Appellant's] Pennsylvania an [U]nited [S]tates constitutional rights to a new sentence

Appellant's brief at 4 (unnecessary capitalization omitted, issues divided for clarity and ease of disposition).

Preliminarily, we note that appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in our appellate rules. *Id*.; ***Commonwealth v. Lyons***, 833 A.2d 245 (Pa.Super. 2003). Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Lyons***, ***supra*** at 252. To the contrary, any person choosing to represent himself in

a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa.Super. 1996).

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief. **See** Pa.R.A.P. 2111. Additionally, Rules 2114 through 2119 specify in greater detail the material to be included in briefs on appeal. **See** Pa.R.A.P. 2114-2119. Instantly, Appellant's brief falls short of these standards. It does not include a statement of jurisdiction or a statement of the scope of review and the standard of review. **See** Pa.R.A.P. 2111(a)(1), (3), Pa.R.A.P. 2114. Appellant failed to include the order or other determination in question. **See** Pa.R.A.P. 2111(a)(2), Pa.R.A.P. 2115. Appellant did not include a statement of the case, or a summary of the argument. **See** Pa.R.A.P. 2111(a)(5)-(6); Pa.R.A.P. 2117(a); Pa.R.A.P. 2118. Appellant's brief makes no reference to the certified record. **See** Pa.R.A.P. 2119(b) and (c). Appellant neither discusses his issues nor explains why they entitle him to relief. **See** Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent"). Instead, he simply provides what appears to be non-relevant excerpts from the dissenting opinion filed in three cases.

While we could find waiver on the basis of these substantial defects, we need not do so because the PCRA court properly determined that it lacked

jurisdiction to consider the instant petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Appellant's judgment of sentence became final on July 29, 2016, when the period of time to file a direct appeal expired. ***See*** 42 Pa.C.S. § 9545(b)(3); ***see also Commonwealth v. Rojas***, 874 A.2d 638, 643 (Pa.Super. 2005). Appellant had until July 29, 2017, to file the instant PCRA petition, but did not do so until September 25, 2018. Thus, Appellant's petition is facially untimely under the PCRA. Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S. § 9545(b)(1).

Here, Appellant failed to plead or prove the applicability of any exception to the PCRA timeliness requirements. ***See*** 42 Pa.C.S. § 9545(b)(1); ***see also Albrecht***, ***supra*** at 1094. While illegal sentencing claims are cognizable

under the PCRA, *see* 42 Pa.C.S. § 9543(a)(2)(vii), a PCRA court is without jurisdiction to address such claims unless the petition was timely filed or the petitioner is able to satisfy one of the timeliness exceptions. *See Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa.Super. 2011) (holding that "when the one-year filing deadline of § 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious"). As Appellant failed to plead or offer to prove any of the timeliness exceptions, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/17/2019