J-S10040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALLEN VAN HORN | : | |
| | : | |
| Appellant | : | No. 2581 EDA 2022 |

Appeal from the Judgment of Sentence Entered September 27, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No:  CP-45-CR-0002834-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 22, 2023**

Appellant, David Allen Van Horn, appeals from the judgment of sentence imposed on September 27, 2022 in the Court of Common Pleas of Monroe County after a jury convicted him of possessing a controlled substance and possessing drug paraphernalia.[1]  On appeal, Appellant contends the trial court abused its discretion by imposing an aggregate sentence of 22 to 48 months in a State Correctional Institution.  Appellant's counsel seeks permission to withdraw and has filed an ***Anders-Santiago***[2] brief in which he concludes that

---

[1] 35 P.S. §§ 780-113(a)(16) and780-113(a)(32), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

all issues lack merit. However, because counsel has not satisfied the requirements of **Anders** and **Santiago**, we deny his request to withdraw.

By way of background, after Appellant was sentenced on September 27, 2022, he filed a timely notice of appeal to this Court. On October 19, 2022, the trial court directed Appellant to file a Rule 1925(b) statement of errors complained of on appeal within twenty-one days. On October 27, 2022, counsel for Appellant filed a Rule 1925(c)(4) statement of intent to file an **Anders** brief in lieu of filing a concise statement.[3]

Appellant challenges the discretionary aspects of his sentence. **See Anders** Brief at 4. Before we may consider the merits of Appellant's challenges, however, we must address the adequacy of counsel's compliance with **Anders** and **Santiago**. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013); **see also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted).

As this Court directed in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

---

[3] Although represented by counsel, Appellant filed a *pro se* document with this Court titled, "Concise statement of matters complained of on appeal," and dated October 26, 2022. The document was forwarded to Appellant's counsel pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;
(2) refer to anything in the record that counsel believes arguably supports the appeal;
(3) set forth counsel's conclusion that the appeal is frivolous; and
(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Id.* at 879-80 (citation and internal quotations omitted).

Counsel's brief provides a summary of the procedural history and facts with citations to the record, refers to matters of record relevant to this appeal, and explains why the appeal is frivolous. In addition, counsel indicated that he notified Appellant of his request to withdraw, and that he attached that notification letter as Exhibit B. *See Anders* Brief at 12. However, despite representing that he notified Appellant of his intent to withdraw, provided him a copy of the brief, and advised him of his rights, he has not presented any evidence of providing either a copy of the brief or the required letter advising

Appellant of the rights listed in **Orellana**.[4]  In fact, the brief itself does not include a proper certificate of service as required by Pa.R.A.P. 121(d).[5]

Counsel did file two separate certificates of service with this Court on January 23, 2023, the same day he filed his brief.  However, while we might ignore the fact the certificates do not identify the documents served, we cannot ignore the fact the certificates reflect service of the documents on counsel for the Commonwealth only.  There is no suggestion that either "document" was served on Appellant.

On the same day he filed his **Anders** brief, counsel also filed an Application for Leave to Withdraw as Counsel.  In his application, counsel represented that he spoke with Appellant on "June 25, 2019,"[6] and "orally advised him of the intent to file the **Anders** brief."  Application, 1/23/23, at ¶ 14.  "Accordingly, the undersigned has prepared a 'Notice of Rights' for Appellant.  A copy of the 'Notice of Rights' is attached as Exhibit 'A.'"  **Id.** at

---

[4] Counsel indicated that the trial court's Rule 1925(a) opinion was attached to the brief as Exhibit A, and the "Notice of Rights" letter sent to Appellant was attached as Exhibit B.  **Anders** Brief at 9.  However, Exhibit A to the brief is the September 27, 2022 sentencing order—not the Rule 1925(a) opinion, which is to be attached to the brief pursuant to Rule 2111(a)(10) and (b), and Exhibit B is the October 28, 2022 letter advising Appellant of counsel's intent to file a petition to withdraw.

[5] Further, we note that the brief also lacks the notices required by Pa.R.A.P. 2111(a)(12).

[6] The incident leading to Appellant's arrest occurred on July 15, 2021.  Clearly, the June 25, 2019 date noted in the application is incorrect.

¶ 15. "The undersigned has also served Appellant with the instant application to withdraw as counsel and the accompanying *Anders* brief." *Id.* at ¶ 16.

As noted above, counsel did file certificates of service on January 23, 2023, when he filed both his brief and his application to withdraw. However, neither certificate identifies the document served and neither reflects service on Appellant. Rather, counsel certified only that he served "documents" on counsel for the Commonwealth.

In sum, counsel has failed to supply evidence that he provided Appellant a copy of the *Anders* brief or a letter advising Appellant of his rights, as outlined in *Orellana*. Further, there is no indication that counsel served a copy of his application to withdraw on Appellant. Therefore, we shall not grant counsel's application. Instead, we direct counsel to file a proper *Anders* brief within 30 days of this Memorandum and provide a copy of the brief to Appellant. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). A letter explaining Appellant's rights, as outlined in *Orellana, supra*, must accompany the brief. Further, counsel is to serve a copy of his application to withdraw on Appellant and file evidence of that service with this Court. If counsel files a brief satisfying *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. *Wrecks*, 931 A.2d at 721 (citation omitted). However, if there are non-frivolous issues, we will deny counsel's petition to withdraw and direct counsel to file an advocate's brief. *Id.* (citation omitted). Finally, we remind counsel of the requirement

to comply with the Rules of Appellate Procedure regarding an appellant's brief, *see* Pa.R.A.P. 2111, and regarding service, *see* R.A.P. 121(d).

Application to withdraw denied. Jurisdiction retained.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *6/22/2023*