J-S01010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SARITA DEVI BISTA | : | |
| | : | |
| Appellant | : | No. 1159 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 4, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002325-2021

BEFORE: PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: MARCH 21, 2024**

Sarita Bista appeals from her judgment of sentence for Driving Under the Influence ("DUI"). Bista's appellate counsel has filed an application to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Although we find the brief meets the requirements set forth for counsel seeking to withdraw from representation on direct appeal, we also conclude the letter counsel sent to Bista advising her of her rights and attached to the application to withdraw does not comply with the requirements outlined in **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005). We therefore deny counsel's application to withdraw and direct counsel to correct the letter's deficiencies in accordance with the instructions below.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Bista was charged with DUI after the police found her sitting in her car in her ex-husband's driveway with a blood alcohol content of .229. Following a bench trial, the trial court found Bista guilty of DUI and sentenced her to serve seven days of house arrest followed by six months of probation. Bista filed a notice of appeal, and appellate counsel was appointed. Counsel filed an application to withdraw and an **Anders** brief.

When counsel seeks to withdraw from representation on direct appeal, as counsel does here, she must petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined the appeal would be frivolous. **See Millisock**, 873 A.2d at 751. Counsel seeking to withdraw must also file an **Anders** brief which meets certain requirements. In particular, the brief must: (1) provide a summary of the procedural history and facts; (2) refer to anything in the record that counsel believes arguably supports the appeal; and (3) set forth counsel's conclusions that the appeal is frivolous, and the reasons for that conclusion. **See Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014)

> Lastly, counsel must also furnish the appellant with a copy of the **Anders** brief, along with a letter that advises the appellant of her rights. Specifically, that letter must advise the appellant of her immediate right to:
> (1) retain new counsel to pursue the appeal;
> (2) proceed *pro se* on appeal; or
> (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.

*Id.* at 880 (citation omitted); *see Millisock*, 873 A.2d at 751, 752. Counsel is to attach a copy of the letter sent to the appellant to counsel's application to withdraw. *See Millisock*, 873 A.2d at 752.

This Court will only conduct its own review of any issues raised on appeal once we determine that counsel's application to withdraw and *Anders* brief satisfy these threshold procedural requirements. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Here, we conclude that counsel's *Anders* brief substantially complies with the requirements outlined above regarding the content of such a brief. Counsel's application to withdraw also states that counsel has reviewed the entire record and determined any appeal in this matter would be frivolous. However, counsel's letter to Bista advising of her rights, which counsel attached to the application to withdraw, does not comply with *Millisock*. The letter states:

> Enclosed please find a copy of the [*Anders*] brief and Motion to Withdraw as Counsel. You do have the opportunity now to file a brief with the Superior Court detailing your argument. I do think the Commonwealth presented sufficient evidence to prove that you were operating a motor vehicle, and your BAC was .229, to prove DUI. I do think the weight of the evidence [was not] against the verdict of guilty.
>
> You now have a right to retain new counsel or raise any additional points that you deem worthy of the court's attention. *See Commonwealth v. Rojas*, 874 A.2d 638 (Pa. Super. 2005).

Letter from Appellant's Counsel to Appellant, 10/23/2023 (single page).

At no point in this letter does counsel clearly state that Bista had the right to proceed *pro se*. While there may be an argument that the language

- 3 -

in the letter that Bista has "the opportunity now to file a brief with the Superior Court detailing your argument" alludes to Bista's right to proceed *pro se*, it does not state so explicitly. **See Millisock**, 873 A.2d at 751. Bista has the immediate right to proceed with the appeal *pro se* or with a privately retained attorney following the filing of an **Anders** brief, and the letter's somewhat vague language does not make those options clear. As such, the letter fails to give Bista proper notice of her rights and we therefore find the letter is defective.

Given the letter's deficiencies, we are constrained to deny counsel's application to withdraw at this time. We direct counsel to file an amended application to withdraw from representation with this Court, within 15 days of the filing date of this memorandum. Counsel is to attach the amended letter sent to Bista complying with **Millisock** in that the letter fully informs Bista of her immediate right to privately retain new counsel, proceed *pro se*, or raise any additional points she deems worthy of this Court's attention. Counsel must also advise Bista that she may respond to counsel's **Anders** brief within 30 days of counsel's amended letter. This is language typically included in a letter of this sort. The Commonwealth will then have 30 days to file a responsive brief.

Counsel must also provide proof that Bista was served a copy of the **Anders** brief, as well as the amended letter complying with **Millisock**.

Application to withdraw denied. Panel jurisdiction retained.

- 4 -